**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ralph Lamont DAMON, Defendant–
Appellant.**

**No. 02–5616.**

United States Court of Appeals,
Sixth Circuit.

Jan. 16, 2003.

Before MARTIN, Chief Judge; MERRITT and LAY,* Circuit Judges.

## ORDER

Ralph Lamont Damon, a pro se federal prisoner, appeals a district court order denying his motion for reconsideration. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, Damon was convicted of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g), and he was sentenced to 235 months in prison. This court affirmed the district court's judgment in a summary order in 1995. *United States v. Damon*, No. 94–5735, 1995 WL 140834 (6th Cir. Mar.29, 1995) (unpublished).

On May 16, 2001, Damon filed a pro se 18 U.S.C. § 3582(c) motion to modify sentence, asserting that: 1) his sentence should be reduced pursuant to Amendment 268 to the United States Sentencing Guidelines; and 2) the sentencing court had misapplied USSG §§ 2K2.1 and 4B1.2. On May 23, 2001, the district court denied the motion because Amendment 268 had been incorporated into the Sentencing Guidelines by the time of Damon's sentencing hearing and because the proper avenue for relief from sentencing errors was a 28 U.S.C. § 2255 motion. However, the district court's order was not sent to Damon, but was erroneously sent to his former defense counsel.

Unaware of the order, Damon requested leave to amend his § 3582(c) motion in order to substitute Amendment 461 for Amendment 268, and he inquired about the status of the case. After receiving a copy of the district court docket sheet in response, Damon discovered the order and filed a motion to reconsider on July 25, 2001, pursuant to Fed.R.Civ.P. 59(e) and 60(b), making the same argument as in his motion to amend. On March 21, 2002, the district court denied the motion to amend, as well as other miscellaneous motions, stating that Amendment 461 had also been incorporated into the Sentencing Guidelines by the time of Damon's sentencing. The order, however, was returned to the court by the prison as an unauthorized package. In the meantime, the district court discovered that Damon's motion to reconsider had been erroneously docketed under another case number and ordered it to be refiled under the proper case number. On April 16, 2002, the district court

---

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

denied the motion to reconsider as moot and instructed the Court Clerk to remail the March order. On April 22, 2002, Damon placed his notice of appeal in the prison mail.

On appeal, Damon essentially reasserts his previous arguments. The government contends that the notice of appeal was not timely filed. Damon has filed a motion for pauper status and also requests oral argument.

■ Initially, we deem the filing dates of Damon's motions to be either the date he certified that he had placed the document in the prison mail or the date he signed the document under penalty of perjury. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir.1999); *Burns v. Morton*, 134 F.3d 109, 112–13 (3d Cir. 1998).

■ We also decline to review the district court's May 23, 2001, order denying Damon's § 3582(c) motion or the March 21, 2002, order denying his motion to amend because Damon did not file a timely appeal from them. A § 3582 motion is considered a criminal action which must be appealed within the ten day period set forth in Fed. R.App. P. 4(b). *United States v. Arrango*, 291 F.3d 170, 171–72 (2d Cir.2002). Damon did not file his notice of appeal until April 22, 2002, after the ten day period for filing an appeal had lapsed. *See* Fed. R.App. P. 4(b). Unfortunately for Damon, his motion to reconsider did not toll the time period because he did not file that within the ten day time period, *see United States v. Ibarra*, 502 U.S. 1, 6 n. 2, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991), nor was the time period tolled due to the court's failure to timely inform him of the orders. Rule 49(c) of the Federal Rules of Criminal Procedure states that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time

allowed, except as permitted by Rule 4(b) of the Federal Rules of Appellate Procedure." Rule 4(b) permits a thirty day extension for filing a notice of appeal upon a showing of excusable neglect or good cause. Damon cannot reap the benefit of this provision as he never moved for an extension of the time to appeal. Thus, this court lacks jurisdiction to the extent that Damon attempts to appeal from those orders. *See United States v. Rapoport*, 159 F.3d 1, 3 (1st Cir.1998).

Damon, however, did file a timely appeal from the April 16, 2002, order denying his motion for reconsideration. *See* Fed. R.App. P. 4. Thus, this order may be reviewed.

■ Upon review, we conclude that the district court's judgment must be affirmed for reasons other than those stated by the district court. *See City Mgmt. Corp. v. U.S. Chem. Co., Inc.*, 43 F.3d 244, 251 (6th Cir.1994). A defendant simply may not seek relief from a criminal sentence under Fed.R.Civ.P. 59(e) or 60(b). *See* Fed. R.Civ.P. 1; *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir.1999); *United States v. Napier*, No. 97–1777, 1998 WL 964244 (6th Cir. Dec.29, 1998) (unpublished); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir.1998).

Accordingly, Damon's request for pauper status is granted, all other pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.