**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 16 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RANDA SAFFO,

      Defendant-Appellant.

No.04-6112

W. Dist. of Okla.

(D.C. No. CR-98-80-R)

**ORDER AND JUDGMENT** *

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges. **

      Randa Saffo appeals the denial of her motion to modify her sentence. Saffo claims that the district court misinterpreted the United States Sentencing Guidelines (USSG) and took too long to rule on her motion. Taking jurisdiction pursuant to 28 U.S.C. § 1291 (2000), we find the district court did not err and affirm.

---

      * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

      ** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

BACKGROUND

On February 13, 1999, Saffo was convicted on eight counts of distribution of pseudoephedrine, [1] three counts of structuring monetary transactions to avoid reporting requirements, and thirteen counts of money laundering. In calculating her base offense levels, the district court grouped all of the distribution counts together, all of the structuring counts together, and all of the money laundering counts together. This grouping resulted in base offense levels under the USSG of 30, 14, and 32, respectively. Because Application Note 5 to USSG § 1B1.1 requires a court to apply the highest base offense level when two or more guideline provisions are applicable, the court set Saffo's base offense level at 32. The district court found no enhancements or reductions applied, and thus sentenced Saffo to 121 months in prison, the lowest sentence in the level 32 range.

This court affirmed her conviction in *United States v. Saffo*, 227 F.3d 1260 (10th Cir. 2000). The Supreme Court denied Saffo's petition for writ of certiorari on April 16, 2001.

---

[1] Pseudoephedrine is a drug found in common over-the-counter medications such as Sudafed™ and is known to be used in the manufacture of the illegal drug methamphetamine.

Saffo then filed the first in a series of motions to modify her sentence with the district court. On May 12, 2003, in her first motion to modify her sentence, Saffo asserted, among other arguments, that due to amendments to the USSG subsequent to her conviction, she should be re-sentenced under USSG § 2D1.11 (pseudoephedrine convictions), and not as originally sentenced by the district court under USSG § 2S1.1 (money laundering). *See* 18 U.S.C. § 3582(c)(2) (2000) ( "The court may not modify a term of imprisonment . . . except that – in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [USSG] . . . ."); USSG § 1B1.10 ("Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the [USSG], a reduction . . . is authorized under 18 U.S.C. § 3582(c)(2)."). The district court denied this motion on August 6, 2003 finding that no amendments to the USSG subsequent to Saffo's conviction affected her sentence.

On October 21, 2003, Saffo filed a second motion to modify her sentence, again invoking 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10. Saffo argued that the court should reduce her sentence because the district court improperly grouped her convictions according to quantity of drugs and money, as opposed to grouping them by victim. *See* USSG § 3D1.2(b) . Saffo asserted that the only victim of her

crimes was "society." Saffo went on to claim, without explanation, that her money laundering convictions should thus be deemed incidental to her pseudoephedrine convictions, and her sentence based solely on the pseudoephedrine convictions, which carries a base offense level of 30, as opposed to 32.

Saffo next filed a "Motion to Advance Cause for Decision" on December 29, 2003, presumably because her October motion had not yet been ruled upon. When Saffo had yet to receive a ruling, on March 15, 2004, she mailed a motion to compel the court to rule on her October motion. Her motion crossed in the mail with the court's March 18, 2004 order denying her October motion. Saffo now appeals the denial of her second motion to modify. In addition, for the first time on appeal, Saffo asserts that the court failed to apply USSG § 5C1.2, which allows a court to ignore statutory minimum sentences under certain circumstances, and in this case would result in a two-level sentence reduction.

## ANALYSIS

We review a court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2) for an abuse of discretion. *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996). We review a court's interpretation of the USSG, rules of federal procedure, and other legal issues de novo. *United States*

*v. Smartt* , 129 F.3d 539, 540 (10th Cir. 1997);   *United States v. Roman-Zarate* ,
115 F.3d 778, 781 (10th Cir. 1997).

I.

The district court grouped Saffo's convictions based on "the total amount
of harm or loss [or] the quantity of a substance involved."  USSG § 3D1.2(d).
Based on this grouping, the court determined the base offense level by using the
guideline for the highest offense conduct, which in this case was level 32 for the
money laundering convictions.    *See* USSG § 3D1.4 (instructing courts to
determine offense level "by taking the offense level applicable to the [g]roup with
the highest offense level").  Saffo argues that the district court should have
grouped her offenses based on the fact that they "involve[d] the same victim and
[were] connected by a common criminal objective," USSG § 3D1.2(b), which
would lower her base offense level from 32 (money laundering) to 30
(distributing pseudoephedrine).  Saffo bases her argument on Amendment 591 [2] to
the USSG, effective November 1, 2000.

---

[2] Amendment 591 states, in relevant part, "Section 1B1.1 is amended by
striking subsection (a) in its entirety and inserting: (a) Determine, pursuant to
§ 1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two
(Offense Conduct) applicable to the offense of conviction. *See* § 1B1.2."  USSG
Guidelines Manual, App. C, Vol. 2, p. 28.  The Amendment was designed to
"emphasize that the sentencing court must apply the offense guideline referenced
in the Statutory Index for the statute of conviction . . . ." *Id.* at p. 31.

Prior to this amendment, the offense level for sentencing could be based on the crime that was the main focus of the defendant's conduct, as opposed to simply the crime with the highest base offense level. For example, a person convicted of money laundering, tax evasion, and fraud whose conduct centered around selling fraudulent time shares could have a base offense level of six for fraud as opposed to twenty for money laundering. Now, though, Amendment 591 requires courts to use the guideline to determine what base offense level applies to each specific offense of conviction. Using the above example, then, the court would assign a separate and specific base offense level to each separate conviction of fraud, money laundering, and tax evasion. Then, applying USSG § 1B1.1 and Application Note 5, the court would determine the offense level based on the crime with the highest base offense level.

According to Saffo, however, her base offense level under this amendment should not be determined by her money laundering convictions, which carry the highest offense level out of all her convictions. To the contrary, Saffo argues that because all of her crimes involved a common and singular victim, namely "society" as a whole, her offenses should be grouped together, thus resulting in her pseudoephedrine convictions dictating her base offense level, which in this case would be 30.

Saffo's argument fails for several reasons. First, Saffo's argument is exactly how a court could have determined her base offense level *before* Amendment 591. In fact, Saffo asks the court to do precisely that which it no longer can: look at the main focus of her crimes, distributing pseudoephedrine, and use that crime to determine the base offense level.

Second, Saffo ignores Application Note 5 to USSG § 1B1.1, which requires a court to "use the provision [of the USSG] that results in the greater offense level" when "two or more guideline provisions appear equally applicable." Here, Saffo was convicted of three separate crimes for which three different provisions of the USSG are applicable. Thus, the court was required to, and properly did, apply the highest base offense level, which was level 32 for money laundering.

Third, Application Note 2 to USSG § 3D1.2(d) clearly states that "[t]he term 'victim' is not intended to include indirect or secondary victims." Society is not a victim for purposes of grouping.

Finally, the court properly grouped her offenses by the amount of harm or loss because Application Note 6 to USSG § 3D1.2(d) states that Subsection (d) is to be used to group drug offenses together. Therefore, the court did not err in grouping Saffo's crimes according to amount of harm or loss and did not err in establishing her offense level at 32 based upon her money laundering convictions.

II.

Saffo also claims that she is entitled to a two-level reduction in her base offense level pursuant to USSG § 5C1.2. Under USSG § 5C1.2, the "safety valve" provision, a person convicted for a drug offense who (1) has a clean criminal history, (2) did not use a firearm during the crime, (3) did not seriously injure or kill anyone, (4) was not an organizer or leader, and (5) truthfully provided all information requested by the government, is not subject to statutory mandatory minimum sentences and their base offense level may be decreased two levels. *See* USSG § 2D1.1(b)(6). Saffo's claim dovetails from her argument in Section I, *supra*. In essence, Saffo claims that the reduced base offense level to which she asserts she is entitled (pseudoephedrine convictions) triggers USSG § 5C1.2. This argument also fails.

First, Saffo waived this argument because she did not raise it in the district court in any of her motions. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (the appellate court does not consider an issue a litigant failed to raise in the district court). Second, this court rejected this argument during Saffo's direct appeal because she was not entitled to a USSG § 5C1.2 reduction since the district court sentenced her under USSG § 2D1.11 and § 2S1.1. *Saffo*, 227 F.3d at 1273. Thus, Saffo cannot re-litigate this issue. *See Montana v. United States*, 440 U.S. 147, 153 (1979). Finally, Saffo brought her motion in the district court under 18 U.S.C. § 3582(c)(2), which allows a court to

modify a sentence only if a person's sentencing range "has subsequently been lowered by the [USSG]." No amendment to the USSG has altered the fact, as explained by the district court, that USSG § 5C1.2 does not apply to Saffo's case. *See Saffo*, 227 F.3d at 1273. Therefore, there is no basis upon which this court or the district court could modify Saffo's sentence. *See* USSG § 1B1.10 ("Where . . . the guideline range applicable to [a] defendant has subsequently been lowered as a result of an amendment to the [USSG], a reduction . . . is authorized under 18 U.S.C. § 3582(c)(2).").

## III.

Saffo finally argues that her motion should have been granted because the government did not file a brief in opposition to it and the court did not rule on her motion for five months. We do not agree with Saffo that the court's delay violated Saffo's due process rights, nor do we agree that the government's failure to file a brief in opposition to her motion concedes the motion.

Saffo argues that her motion is one for summary judgment and is therefore governed by the Federal Rules of Civil Procedure. As a result, Saffo argues, the government's failure to respond to her motion is a confession thereof, which mandates a modification and reduction in her sentence. However, because Saffo filed a motion to modify pursuant to 18 U.S.C. § 3582(c)(2), the motion is a continuation of prior criminal proceedings governed by the Federal Rules of

Criminal Procedure and is not one for summary judgment.          *See United States v. Espinosa-Talamantes*, 319 F.3d 1245, 1246 (10th Cir. 2003) (docketing a § 3582 motion as a civil proceeding, but adopting other circuits' logic that a "§ 3582(c)(2) motion is a continuation of the prior criminal proceeding."); Fed. R. Crim. P. 1(a)(1).  In addition, "[b]ecause it conclusively appeared from the record and from . . . Saffo's motion that she was not entitled to the relief sought," the district court did not order the government to file a response.  March 25, 2004 Order, p.1.  Thus, the government's decision not to respond to Saffo's motion was neither a concession to nor admission of the motion.

Saffo fails to cite any authority for her argument that the court's delay in denying her motion is a violation of her due process rights or should result in the granting of her motion.  We are not familiar with any authority that would apply due process considerations to the facts at issue here.  Saffo's filing of two subsequent pleadings asking the court to rule on her motion does not change this.  Therefore, the district court did not err in rejecting Saffo's arguments and subsequent pleadings asking the court to grant her motion as a result of delay and the government's failure to respond.

WE AFFIRM.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

-10-