**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-6917**

_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

JOHNNY BERNARD MILLER, a/k/a Bernard Miller,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Graham C. Mullen, Chief
District Judge.  (CR-92-101)

_____

Submitted:  October 18, 2004        Decided:  November 24, 2004

_____

Before NIEMEYER, WILLIAMS, and GREGORY, Circuit Judges.

_____

Dismissed in part and remanded in part by unpublished per curiam
opinion.

_____

Johnny Bernard Miller, Appellant Pro Se.  Jennifer Marie Hoefling,
Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Johnny Bernard Miller seeks to appeal the district court's orders (1) denying his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) (2000); (2) denying his motion to reconsider the denial of § 3582 relief; and (3) denying as moot his motion for a certificate of appealability. We dismiss in part and remand in part.

In criminal cases, the defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A); see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies). With or without a motion, the district court may grant an extension of time of up to thirty days upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). These time periods are mandatory and jurisdictional. United States v. Raynor, 939 F.2d 191, 196 (4th Cir. 1991).

The district court's order denying § 3582 relief was entered on the docket on January 30, 2002, and the notice of appeal was filed on February 25, 2004.[1] See Houston v. Lack, 487 U.S. 266, 276 (1988). The district court's order denying as moot

---

[1]Miller styled his filing as a motion for a certificate of appealability. We find that the motion should have been construed as a notice of appeal from the orders denying Miller's § 3582 motion and motion for reconsideration.

- 2 -

Miller's motion for a certificate of appealability was entered on the docket on March 19, 2004, and the notice of appeal was filed, at the earliest, on May 10, 2004. Because Miller failed to file a timely notice of appeal or to obtain an extension of the appeal period, we dismiss his appeal from these orders for lack of jurisdiction.

Turning to the remaining portion of this appeal, the district court entered its order denying the motion to reconsider the denial of § 3582 relief on January 30, 2004; the ten-day appeal period expired on February 13, 2004. See Fed. R. App. P. 26(a)(2). Miller filed his notice of appeal on February 25, 2004-- after the ten-day period expired but within the thirty-day excusable neglect period that expired on March 15, 2004.[2] Because the notice of appeal was filed within the excusable neglect period, we remand the case to the district court for the court to determine whether Miller has shown excusable neglect or good cause warranting an extension of the ten-day appeal period applicable to the order denying reconsideration. The record, as supplemented, will then be returned to this court for further consideration of Miller's appeal from the denial of the motion to reconsider. We dispense with oral argument because the facts and legal contentions are adequately

---

[2]The thirtieth day fell on Sunday, March 14, 2004. Thus, the excusable neglect period expired on Monday, March 15. See Fed. R. App. P. 26(a)(3).

- 3 -

presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART AND REMANDED IN PART</u>