

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-21-2005

# USA v. Benanti

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1965

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Benanti" (2005). *2005 Decisions.* Paper 979.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/979

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-253                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1965
_____

UNITED STATES OF AMERICA

v.

MICHAEL BENANTI,

Appellant

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Crim. No. 92-CR-00314)
District Judge: Honorable Edwin M. Kosik

_____

Submitted For Possible Dismissal due to a Jurisdictional Defect and for Possible
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 3, 2005

Before: RENDELL, FISHER and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Filed: June 21, 2005 )

_____

OPINION

_____

PER CURIAM

Appellant Michael Benanti appeals from an order of the United States District

Court for the Middle District of Pennsylvania, denying his motion under 18 U.S.C. § 3582(c) for reduction of sentence. As this appeal presents no substantial question of law, we will affirm the District Court's order.

In December 1992, appellant Michael Benanti was convicted by a jury of seven counts out of an eight count indictment for, inter alia, conspiracy to commit a bank robbery and solicitation, and was sentenced to 210 months' imprisonment. In December 1994, this Court affirmed the judgment. See United States v. Benanti, 46 F.3d 1118 (3d Cir. 1994). Following unsuccessful attempts in 1997 and 2003 to file motions pursuant to 28 U.S.C. § 2255, Benanti filed the instant motion for reduction of sentence. Benanti claimed that his sentence should be reduced by application of Amendment 591 of the United States Sentencing Guidelines. The District Court denied relief. Benanti filed a motion for reconsideration, which the District Court denied. Benanti appealed.

## I. Jurisdiction

The District Court's initial order denying relief was entered Friday, February 11, 2005. As several of our sister courts have held, a § 3582(c)(2) motion is considered a continuation of the criminal proceedings against a defendant; thus, the ten-day period for filing a notice of appeal applies. See, e.g., United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003); United States v. Arrango, 291 F.3d 170, 171 (2d Cir. 2002); Fed. R. App. P. 4(b)(1)(A). The ten-day period is mandatory and jurisdictional. United States v. Robinson, 361 U.S. 220, 224 (1960); United States v. Grana, 864 F.2d

312, 314 (3d Cir. 1989). Benanti filed a notice of appeal dated March 21, 2005.

However, Benanti filed a motion for reconsideration. If his motion was timely, then the time for appeal was extended until 10 days after the order denying the reconsideration motion was entered. A motion for reconsideration of an order affecting the final judgment in a criminal case is timely filed if made within the period allotted for the noticing of an appeal; i.e., within 10 days. United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982). Benanti's motion for reconsideration was not filed within 10 days of the February 11th order.

Nevertheless, in United States v. Grana, 864 F.2d 312, 316 (3d Cir. 1989), this Court held that "in computing the timeliness of pro se prisoners' appeals, any prison delay in transmitting to the prisoner the notice of the District Court's final order shall be excluded from the computation of an appellant's time for taking an appeal." According to Benanti's motion for reconsideration, he did not receive the February 11, 2005 order until March 1, 2005, because prison officials delayed in forwarding the order to the proper prison. Applying Grana to exclude prison delay from the computation of the time to file his motion for reconsideration, the motion for reconsideration was timely. Benanti's notice of appeal was filed within 10 days of the District Court's March 15, 2005 order denying his motion for reconsideration, and is thus also timely.

## II. Merits

We next consider whether the District Court properly denied Benanti's motion to

3

reduce his sentence. In this context, we exercise plenary review over legal questions concerning the proper interpretation of the Sentencing Guidelines. See United States v. Thompson, 70 F.3d 279, 280-81 (3d Cir. 1995).

Section 3582(c)(2) provides in relevant part:

(c)     The court may not modify a term of imprisonment once it has been imposed except that –

(2)  in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). A sentencing guideline that has been amended after a defendant has been sentenced may be applied retroactively in a § 3582 proceeding if it is given retroactive effect under § 1B1.10 of the United States Sentencing Guidelines. Thompson, 70 F.3d 281. Amendment 591 is given retroactive effect in § 1B1.10; thus, a defendant may seek relief pursuant to that amendment.[1]

We agree with the District Court, however, that Benanti's sentence is not affected by Amendment 591. Amendment 591 to the United States Sentencing Guidelines changed U.S.S.G. §§ 1B1.1 and 1B1.2, the Application Note to § 1B1.2, and the

---

[1] In United States v. Diaz, 245 F.3d 294, 301 (3d Cir. 2001), we held that Amendment 591 is not retroactively applicable to a case pending on direct appeal. Diaz is not applicable here, as Benanti's case involves a motion for reduction of sentence pursuant to the amendment, which the Guidelines specifically authorize.

Introduction to the Statutory Index (Appendix A). One result of these changes is that the Statutory Index (Appendix A) no longer merely aids the sentencing court in finding the most applicable guideline among several possibilities but instead (with certain exceptions) conclusively points the court to the one guideline applicable in a given case: "the sentencing court *must* apply the offense guideline referenced in the Statutory Index for the statute of conviction." Diaz, 245 F.3d at 302. As the District Court explained in denying Benanti's motion, the court's selection of the applicable guidelines provisions in his case did in fact comply with the Amendment because its selection tracked the statutes Benanti violated.

For the forgoing reasons, we will affirm the District Court's order.[2]

---

[2] We further hold that the District Court properly denied Benanti's motion for reconsideration.