# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Decided April 15, 2008

No. 06-3182

UNITED STATES OF AMERICA,
APPELLEE

v.

WAYNE BYFIELD,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 89cr00322-01)

*Wayne Byfield*, pro se, was on the brief for appellant.

*Jeffrey A. Taylor*, U.S. Attorney, and *Roy W. McLeese, III*, *Elizabeth Trosman, Patricia Stewart*, and *L. Jackson Thomas II* were on the brief for appellee.

Before: SENTELLE, *Chief Judge*, and BROWN and GRIFFITH, *Circuit Judges*.

PER CURIAM: Wayne Byfield appeals the district court's denial of his motion to modify his sentence under 18 U.S.C. § 3582(c)(2). Because Byfield did not timely file a notice of appeal, we dismiss his appeal.

In 1992, Byfield was convicted of possession with intent to distribute 607.8 grams of a "mixture or substance" containing cocaine base and sugar. The Sentencing Guidelines for drug-possession convictions at the time were based upon "the entire weight of [the] mixture or substance" possessed. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c), note A (2007). Using that standard, the Guideline range for Byfield's conviction was a sentence between 292 and 365 months. The district court chose the lower end of that range and sentenced Byfield to 292 months in prison. In 1993, the Sentencing Commission revised the Sentencing Guidelines by excluding from the calculation of the weight of the "mixture or substance" all "materials that must be separated from the controlled substance before the controlled substance can be used." U.S. SENTENCING GUIDELINES MANUAL amend. 484 (2007 Appendix C). Byfield asked the district court to modify his sentence under 18 U.S.C. § 3582(c)(2), which provides that a court may reduce a sentence when the Sentencing Commission has subsequently lowered the range that had been used to determine that sentence. Byfield argued that the district court was required to subtract the weight of the sugar from the calculation of his sentence because the cocaine base could not be used before the sugar had been separated. With the sugar subtracted, Byfield would qualify for a sentence of 235 to 293 months, so he asked that his sentence be reduced to 235 months.

The district court denied Byfield's motion, concluding, without holding an evidentiary hearing, that the sugar did not need to be separated to use the cocaine base. We held that the

failure to take evidence on the issue was error, reversed the district court's determination, and on remand instructed the court to conduct an evidentiary hearing. *United States v. Byfield*, 391 F.3d 277, 281 (D.C. Cir. 2004). On remand, the district court again denied Byfield's motion for sentence reduction. Byfield now appeals that ruling. The only issue we address is whether his notice of appeal, filed 125 days after the district court's order denying his motion, was timely. We hold that his notice of appeal was not filed within the time limit authorized by the Federal Rules of Appellate Procedure.

The time limit for filing a notice of appeal turns on the nature of the case. For criminal matters, "a defendant's notice of appeal must be filed in the district court within 10 days after the later of" the entry of the district court's order or the filing of the government's notice of appeal. FED. R. APP. P. 4(b)(1)(A). For civil matters in which the government is a party, the notice of appeal "may be filed by any party within 60 days after the judgment or order appealed from is entered." FED. R. APP. P. 4(a)(1)(B). In either circumstance, the district court may extend the time period by 30 days for "excusable neglect or good cause." FED. R. APP. P. 4(a)(5), 4(b)(4). At most, therefore, Byfield had 90 days to file his notice. Because he waited 125 days, his filing was untimely, regardless whether a motion to modify a sentence under 18 U.S.C. § 3582(c)(2) is properly characterized as criminal or civil.

We have never decided whether a motion to modify a sentence under § 3582(c)(2) is civil or criminal in nature. Because the purpose of such a motion is to ask the sentencing court to reduce a sentence in light of changes to the Sentencing Guidelines, we conclude that it is part of the defendant's criminal proceeding and therefore subject to the 10-day time limit of Federal Rule of Appellate Procedure

4(b)(1)(A). With this decision, we join each of the other nine circuits that has addressed the issue. *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Arrango*, 291 F.3d 170, 171–72 (2d Cir. 2002); *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000); *United States v. Petty*, 82 F.3d 809, 810 (8th Cir. 1996); *United States v. Ono*, 72 F.3d 101, 102–03 (9th Cir. 1995); *United States v. Benanti*, No. 05-1965, 2005 U.S. App. LEXIS 11871, at *2 (3d Cir. June 21, 2005); *United States v. Miller*, No. 04-6917, 2004 U.S. App. LEXIS 24560, at *1–2 (4th Cir. Nov. 24, 2004); *United States v. Saffo*, No. 04-6112, 2004 U.S. App. LEXIS 23916, at *12 (10th Cir. Nov. 16, 2004); *United States v. Damon*, No. 02-5616, 2003 U.S. App. LEXIS 809, at *4 (6th Cir. Jan. 16, 2003). As the leading case on the issue explains,

> Because the purpose of a § 3582 motion is resentencing, a motion under § 3582(c)(2) is undoubtedly a step in the criminal case. Similarly, because a sentencing court's consideration of a § 3582(c)(2) motion requires the court to reexamine the original sentence in light of changes to the applicable Guidelines . . . , an order granting or denying such a motion is criminal in nature.

*United States v. Ono*, 72 F.3d at 102 (citations and quotation marks omitted).

Byfield's notice was untimely filed, and his appeal should be dismissed. He contends, however, that the government waived its right to challenge his appeal on this ground. Our local rules require that, absent good cause shown, any motion to dismiss Byfield's appeal must have been filed by the government within 45 days of the docketing of his

5

appeal.[1] That deadline came on March 30, 2007. The government, however, first challenged the timeliness of Byfield's appeal in its August 28, 2007 motion to dismiss, and then again in its opening brief filed August 30, 2007. Byfield argues that these objections were themselves too late. But we do not require a party to raise Rule 4(b) issues in a motion to dismiss. To the contrary, in *United States v. Singletary* we held that "no rule, order, internal procedure, or published guidance from this court require[s] [the government] to object to the untimeliness of the appeal under FED. R. APP. P. 4(b) before it file[s] its initial brief." 471 F.3d 193, 196 (D.C. Cir. 2006).[2] Here, the government's objection was proper because it was raised in the government's initial brief. Accordingly, this appeal is

*Dismissed.*

---

[1] *See* D.C. CIR. R. 27(g)(1) ("Any motion which, if granted, would dispose of the appeal or petition for review in its entirety, or transfer the case to another court, must be filed within 45 days of the docketing of the case in this court, unless, for good cause shown, the court grants leave for a later filing.").

[2] In *Singletary*, we assumed that Rule 4(b) is not jurisdictional and that the government may therefore forfeit its right to object to a late notice of appeal in a criminal case by not raising the issue properly. 471 F.3d at 196. We now know this for sure after *Bowles v. Russell*, 127 S. Ct. 2360 (2007). In that case, the Supreme Court decided that *Rule 4(a)* is jurisdictional because it has a statutory basis. *See id.* at 2366; *see also* 28 U.S.C. § 2107(a) (statutory basis for Rule 4(a)). In light of *Bowles*, we now hold that *Rule 4(b)* is not jurisdictional because it was judicially created and has no statutory analogue. Other circuits have also adopted this view. *See United States v. Garduno*, 506 F.3d 1287, 1290–91 (10th Cir. 2007); *United States v. Martinez*, 496 F.3d 387, 388–89 (5th Cir. 2007); *United States v. Sadler*, 480 F.3d 932, 940 (9th Cir. 2007).