# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ERNEST DRAPER,                                  )
                                                )
        Petitioner,                       )
                                                )
v.                                              )   Civil Action No.  1:24-cv-01299 (UNA)
                                                )
                                                )
JOE BIDEN, *et al.*,                            )
                                                )
                                                )
        Respondents.                     )

## MEMORANDUM OPINION

Petitioner, a state prisoner designated to Joseph Harp Correctional Center, in Lexington, Oklahoma, has filed a *pro se* petition for a writ of habeas corpus ("Pet."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and a motion for compassionate release ("MCR"), ECF No. 3.  He has sued the United States, the President of the United States, and the Federal Bureau of Prisons ("BOP").  *See* Pet. at 1.  Petitioner's IFP application is granted and, for the reasons explained below, this matter is dismissed without prejudice.

First, a habeas action is subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973).  The proper respondent in a habeas corpus action is the petitioner's custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004), and this "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).  Here, petitioner has not sued the proper respondent, and moreover, he must file his habeas petition in the United States District Court for the District of Oklahoma, not in this jurisdiction.

Second, petitioner appears to have been convicted and sentenced by an Oklahoma state court, yet he demands his immediate compassionate release from custody under the Incarceration Reduction Amendment Act ("IRAA"), D.C. Code § 24-403.03, due to the extent of his ongoing medical conditions, and given his record of good behavior, *see* MCR at 1–2. But there is no indication whatsoever that petitioner was ever convicted or sentenced by a D.C. court; therefore, this statute is completely inapplicable to his claims. *See United States v. White*, No. 96-0452, 2023 WL 6547464, *6 (D.D.C. Aug. 4, 2023) (explaining the threshold requirements to qualify for relief under the IRAA, including, *inter alia*, a conviction pursuant to specific subsections of the D.C. Code) (citing D.C. Code § 24-403.03(a)(1)).

Finally, in the petition's caption, petitioner cites to the First Step Act, 18 U.S.C § 3582(c)(1)(A)(i). *See* Pet. at 1. To the extent that he seeks demands relief under that statute, the court notes that petitioner appears to be a state inmate, serving a sentence based on a state offense, and the First Step Act only authorizes courts to modify a *federal* sentence, *see* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. McQueen*, No. 5:86-cr-00010, 2023 WL 4424626, at *3 (E.D. Ky. July 10, 2023); *Holbird v. Payne*, No. 4:21-cv-00082, 2021 WL 5138096, at *3 n.2 (E.D. Ark. July 30, 2021), *R&R adopted*, 2021 WL 5126700 (E.D. Ark. Nov. 3, 2021); *Saleem v. Harry*, No. No. 3:21-cv-770, 2021 WL 2327054, at *1 (M.D. Pa. May 17, 2021) (citing 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020)); *Atkinson v. United States Dist. Ct.*, No. 20-00545, 2020 WL 7931420, at *1 (S.D. Ala. Nov. 25, 2020) (collecting cases), *R&R adopted*, 2021 WL 43991 (S.D. Ala. Jan. 5, 2021). Simply put, because petitioner is in state custody, this court lacks jurisdiction to extend to the federal compassionate release statute to his claims, which is a matter of state law. *See id*.

Even if the First Step Act applied, petitioner has prematurely filed his petition and in the wrong court. A request for relief pursuant to § 3582(c) shall be first submitted in writing by a prisoner directly to a petitioner's BOP warden, who then formally transmits the request to the BOP's Director. *See* 28 C.F.R. § 571.61. And a prisoner may then only seek relief in federal court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c). Thereafter, a petitioner must file for relief in his federal sentencing court. *See Raia*, 954 F.3d at 595 ("Section 3582's text requires those motions to be addressed to the sentencing court, a point several Circuits have noted"); *see also United States v. Long*, 997 F.3d 342, 350–51 (D.C. Cir. 2021) (holding that sentencing courts may reduce an existing term of imprisonment under the First Step Act); *United States v. Byfield*, 522 F.3d 400, 402 (D.C. Cir. 2008) (per curiam) (holding that "the purpose of a [§ 3582(c)(2)] motion is to ask the sentencing court to reduce a sentence[.]").

Here, petitioner does not claim to have exhausted his remedies with the BOP. Nor does he claim to have been sentenced in this Court.

For all of these reasons, the court dismisses the petition, ECF No. 1, and this matter, without prejudice, and petitioner's motion for compassionate release, ECF No. 3, is denied without prejudice. A separate order accompanies this memorandum opinion.

**SO ORDERED**.

Date:  May 24, 2024

_____/s/_____
AMIT P. MEHTA
United States District Judge