# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LUTHER K. BARNETT, JR.,     )
    )
    Petitioner,     )
    )
    v.     )     Civil Action No. 1:24-cv-01026 (UNA)
    )
    )
JOSEPH BIDEN, *et al.*,     )
    )
    Respondents.     )

## MEMORANDUM OPINION

Petitioner, a state prisoner designated to Joseph Harp Correctional Center, in Lexington, Oklahoma, has filed a *pro se* petition for compassionate release ("Pet."), ECF No. 1, pursuant to the First Step Act, 18 U.S.C § 3582(c)(1)(A)(i), and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants the IFP application and, for the reasons explained below, the petition is dismissed without prejudice for want of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Petitioner, who purports to have been convicted and sentenced by an Oklahoma state court, sues the President of the United States and the Federal Bureau of Prisons ("BOP"), and he demands his immediate compassionate release from custody under the First Step Act, citing "extraordinary and compelling" circumstances, *see* 18 U.S.C § 3582(c)(1)(A)(i), *see* Pet. 1, 3, due to complications arising from his severe "host of medical conditions[,]" *see id.* at 2, 4. Petitioner faces hurdles here that cannot be overcome.

Notably, petitioner is a state inmate, serving a sentence based on a state offense, *see id.* at 1, 3–4, and the First Step Act only authorizes courts to modify a *federal* sentence, *see* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. McQueen*, No. 5:86-cr-00010, 2023 WL 4424626, at *3 (E.D.

Ky. July 10, 2023); *Holbird v. Payne*, No. 4:21-cv-00082, 2021 WL 5138096, at *3 n.2 (E.D. Ark. July 30, 2021), *R&R adopted*, 2021 WL 5126700 (E.D. Ark. Nov. 3, 2021); *Saleem v. Harry*, No. No. 3:21-cv-770, 2021 WL 2327054, at *1 (M.D. Pa. May 17, 2021) (citing 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020)); *Atkinson v. United States Dist. Ct.*, No. 20-00545, 2020 WL 7931420, at *1 (S.D. Ala. Nov. 25, 2020) (collecting cases), *R&R adopted*, 2021 WL 43991 (S.D. Ala. Jan. 5, 2021). Because petitioner is in state custody, this court cannot extend the federal compassionate release statute to him. *See id.*

Petitioner also cites, in passing, to the Incarceration Reduction Amendment Act ("IRAA"), D.C. Code § 24-403.03. *See* Pet. at 2–3. But there is no indication whatsoever that petitioner was ever convicted or sentenced by a D.C. court; therefore, § 24–403.04 is inapplicable to his claims. *See United States v. White*, No. 96-0452, 2023 WL 6547464, *6 (D.D.C. Aug. 4, 2023) (explaining the threshold requirements to qualify for relief under the IRAA, including, *inter alia*, a conviction pursuant to specific subsections of the D.C. Code) (citing D.C. Code § 24-403.03(a)(1)).

Even if the First Step Act applied, petitioner's filing is both premature and filed in the wrong court. A request for relief pursuant to § 3582(c) shall be first submitted in writing by a prisoner directly to the petitioner's BOP warden, who then formally transmits the request to the BOP's Director. *See* 28 C.F.R. § 571.61. And a prisoner may then only seek relief in federal court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c). hereafter, a petitioner must file for relief in his federal sentencing court. *See Raia*, 954 F.3d at 595 ("Section 3582's text requires those motions to be addressed to the sentencing court, a point several Circuits have noted"); *see also United States v. Long*, 997 F.3d 342, 350–51 (D.C. Cir. 2021)

(holding that sentencing courts may reduce an existing term of imprisonment under the First Step Act); *United States v. Byfield*, 522 F.3d 400, 402 (D.C. Cir. 2008) (per curiam) (holding that "the purpose of a [§ 3582(c)(2)] motion is to ask the sentencing court to reduce a sentence[.]").

Here, petitioner does not claim to have exhausted his remedies with the BOP. And there is no basis to believe he was ever convicted or sentenced in this District.

Finally, plaintiff cites, without context or explanation, to his Sixth Amendment right to speedy trial. *See* Pet. at 1. To the extent that he may be attempting to directly challenging his state conviction or sentence, such a claim falls under the auspices of habeas corpus, but federal court review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. *See* 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). So, if and when petitioner has exhausted his state remedies, he must seek relief in the United States District Court for the District of Oklahoma.

For all of these reasons, the court dismisses the petition, ECF No. 1, and this matter, without prejudice. A separate order accompanies this memorandum opinion.

**SO ORDERED**.


Date: May 24, 2024

_____/s/_____
AMIT P. MEHTA
United States District Judge