468

**UNITED STATES of America,**
**Appellee,**

v.

**Daniel SINGLETARY, Appellant.**

No. 02–3048.

United States Court of Appeals,
District of Columbia Circuit.

June 17, 2003.

Before EDWARDS, SENTELLE, and GARLAND, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that appellant's conviction be affirmed. The government adduced sufficient evidence that on June 29, 2000, appellant distributed more than 50 grams of cocaine base within 1,000 feet of a school. Officer DiGirolamo's testimony that he deter-

mined that the offense occurred within 666 feet of the "Raymond Elementary School," which the officer also referred to simply as "the elementary school," is sufficient to permit a reasonable juror to conclude that the offense occurred within 1,000 feet of an operating school of the type specified in 21 U.S.C. § 860(a). *See United States v. Edmonds,* 240 F.3d 55, 63 (D.C.Cir.2001) (to sustain a conviction under § 860(a), the government must prove beyond a reasonable doubt that a drug offense occurred within 1,000 feet of an operating school of one of the types specified in § 860(a)); *cf., United States v. Hawkins,* 104 F.3d 437, 441 (D.C.Cir.1997) (testimony that drug offenses occurred within 1,000 feet of the "Garnett–Patterson Junior High School," a "middle school," would permit a reasonable juror to conclude that the offenses occurred near an "operating school"). To the extent appellant argues that § 860(a) does not apply because the offense at issue occurred when school presumably was not in session, his argument nonetheless fails. *See United States v. Hohn,* 8 F.3d 1301, 1307 (8th Cir.1993) ("Nothing in [§ 860(a) ] requires that school be in session or that children be near or around the school at the time of the offense."); *United States v. Jones,* 779 F.2d 121, 123 (2d Cir.1985) (drug offense committed inside bar at night was covered by § 860(a)); *see also United States v. Smith,* 13 F.3d 860, 868 (5th Cir.1994) (noting in dictum that district court's refusal to apply § 2D1.2(a) to drug transaction occurring in the evening was contrary to circuit's "currently settled law"). It is

■ FURTHER ORDERED AND ADJUDGED that the case be remanded for resentencing. As the parties agree and the district court itself correctly recognized, the total offense level was miscalculated. The court treated the total drug quantity involved in the three counts as the quantity "directly involving" a school under U.S.S.G. § 2D1.2(a)(1), even though only the June 29, 2000 offense occurred within 1,000 feet of a school. Application Note 1 to § 2D1.2(a) clarifies that in a case involving a § 860(a) violation "in which only part of the relevant offense conduct directly involved a protected location … subsections (a)(1) and (a)(2) may result in different offense levels." For example, Application Note 1 continues, if the defendant, "as part of the same course of conduct or common scheme or plan," sold 5 grams of heroin near a protected location and 10 grams of heroin elsewhere, the offense level from subsection (a)(1) would be level 16 (2 plus the offense level for the sale of 5 grams of heroin, the amount sold near the protected location); and the offense level from subsection (a)(2) would be level 17 (1 plus the offense level for the sale of 15 grams of heroin, the total amount of heroin involved in the offense). In this case, using the 70 grams distributed near the Raymond Elementary School yields an offense level of 34 under § 2D1.2(a)(1) – 32 based on the 70 grams plus 2. Under § 2D1.2(a)(2), the offense level is 35 – 34 based on the 170 grams distributed in the three counts plus 1. Because § 2D1.2(a) instructs the court to use the greater offense level, 37 is the correct adjusted offense level – 35 under § 2D1.2(a), plus the two-level upward adjustment for appellant's role in the offense – and the applicable guideline range is 262 to 327 months. Although appellant's 292–month sentence is within this range, the court imposed the sentence assuming that 292 months was the "bottom of the [applicable] guidelines." We agree with appellee that because resentencing using the correct guideline range could result in a reduction of up to 30 months in appellant's sentence, a remand is warranted.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc.* *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.