Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued October 10, 2006            Decided December 19, 2006

No. 04-3151

UNITED STATES OF AMERICA,
APPELLEE

v.

DANIEL SINGLETARY,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 00cr00410-01)

*Thomas J. Saunders*, appointed by the court, argued the cause and filed the brief for appellant.

*Mary Patrice Brown*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Kenneth L. Wainstein*, U.S. Attorney at the time the brief was filed, and *Roy W. McLeese III*, Assistant U.S. Attorney.

Before: HENDERSON, ROGERS and BROWN, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*:   This delayed appeal from a judgment of conviction requires the court to consider the effect of the Supreme Court's clarification in *Eberhart v. United States*, 126 S. Ct. 403 (2005), that certain procedural rules setting inflexible time limits are claim-processing rules that do not affect a court's subject-matter jurisdiction and consequently, a defense of untimeliness may be forfeited if not properly raised. *Id.* at 406-07.  In *Eberhart*, the Court held that the government had forfeited its objection to the timeliness of a motion for a new trial pursuant to FED. R. CRIM. P. 33 by failing to raise that defense until appeal, after the district court had reached the merits.  *Id.* at 407.  Of significance here, the Court explained that its decision in *United States v. Robinson*, 361 U.S. 220 (1960), holding that FED. R. CRIM. P. 37(a)(2), the precursor to FED. R. APP. P. 4(b),[1] was "mandatory and jurisdictional," in fact reflected "the central point . . . that when the Government objected to a filing untimely under Rule 37, the court's duty to dismiss the appeal was mandatory." *Eberhart*, 126 S. Ct. at 406.

Following resentencing on April 28, 2004 pursuant to this court's remand,[2] Singletary filed a *pro se* "Notice of Delayed

---

[1]  FED. R. APP. P.  4(b)(1)(A) provides:

> In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.

[2] Singletary was charged in a superseding indictment with three counts of unlawful use of a communication facility, 21 U.S.C. § 843(b), two counts of unlawful distribution of five grams or more of

Appeal" on October 21, 2004. He now contends that he is entitled to be resentenced because the district court acted under a "mandatory" interpretation of the Sentencing Guidelines and his appeal was pending when *United States v. Booker*, 543 U.S. 220 (2005), was decided. On June 23, 2005, this court granted leave for Singletary to proceed *in forma pauperis* and appointed counsel. The court also directed Singletary to respond to an order to show cause why his appeal should not be dismissed as untimely. Thereafter, the court directed the parties to address in their briefs whether the court may hear the appeal given the government's failure to object to its untimeliness. The parties have now done so.

Singletary filed his notice of appeal approximately four months after it was due under FED. R. APP. P. 4(b). The government objected to the untimeliness of the appeal for the first time in its initial brief in this court. Singletary contends that the government has forfeited this objection because it had notice from the face of his "*Pro Se* Delayed Notice of Appeal of

---

cocaine base, *id*. § 841(a)(1), (b)(1)(B)(iii); 18 U.S.C. § 2, one count of unlawful distribution of fifty grams or more of cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii); 18 U.S.C. § 2, one count of unlawful distribution of cocaine base within 1000 feet of a school, 21 U.S.C. § 860(a); 18 U.S.C. § 2, and one count of unlawful possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1). Following his conviction by a jury, the district court sentenced Singletary to concurrent terms of 292 months' imprisonment on three counts and 48 months' imprisonment on three other counts, followed by ten years' supervised release; two counts were vacated as lesser included offenses, and the government dismissed the gun and ammunition count. On appeal, this court affirmed the conviction but remanded the case for resentencing because the total offense level had been miscalculated by the district court. *United States v. Singletary*, 69 F. App'x 468, 468-69 (D.C. Cir. 2003).

Sentence on Remand" that a timeliness issue was presented. In his view, the question of the court's jurisdiction to hear his appeal is controlled by the Supreme Court's clarification in *Eberhart* of the term "jurisdictional." *See* 126 S. Ct. at 404-07.

In *Eberhart*, the defendant filed a timely motion for a new trial pursuant to FED. R. CRIM. P. 33 and then, months later, filed an untimely supplemental memorandum in support of that motion. The government opposed the memorandum on the merits; the district court granted a new trial. On appeal the government objected for the first time to the untimeliness of the supplemental memorandum. The Seventh Circuit Court of Appeals held that the time limit in FED. R. CRIM. P. 33 was mandatory and jurisdictional and therefore the objection was not forfeited by the government. *United States v. Eberhart*, 388 F.3d 1043, 1049 (7th Cir. 2004). In reversing, the Supreme Court instructed that the "label 'jurisdictional' [should] not [be used] for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and persons (personal jurisdiction) falling within a court's adjudicatory authority." *Eberhart*, 126 S. Ct. at 405 (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)) (internal quotation marks omitted). The Court concluded, in light of their structural similarity to two Federal Rules of Bankruptcy Procedure construed in *Kontrick*, that FED. R. CRIM. P. 33 and FED. R. CRIM. P. 45(b) are both claim-processing rules. *Eberhart*, 126 S. Ct. at 405. As such, they "assure relief to a party properly raising them, but do not compel the same result if the party forfeits them." *Id.* at 407.

Most pertinently, the Court in *Eberhart* acknowledged that courts "have more than occasionally used the term 'jurisdictional' to describe emphatic time prescriptions in rules of court." *Id*. at 406 (quoting *Kontrick*, 540 U.S. at 454) (internal quotation marks omitted). In *Robinson*, for example,

the Court concluded that FED. R. CRIM. P. 37(a)(2) was mandatory and jurisdictional, observing that "courts have uniformly held . . . the taking of an appeal within the prescribed time" as such. 361 U.S. at 229. Clarifying that holding, the *Eberhart* Court declared:

> The resulting imprecision [in the use of the word "jurisdictional"] has obscured the central point of the *Robinson* case – that when the Government objected to a filing untimely under Rule 37, the court's duty to dismiss the appeal was mandatory. The net effect of *Robinson*, viewed through the clarifying lens of *Kontrick*, is to admonish the Government that failure to object to untimely submission entails forfeiture of the objection, and to admonish defendants that timeliness is of the essence, since the Government is unlikely to miss timeliness defects very often.

126 S. Ct. at 406-07.

Because Singletary concedes that his notice of appeal was untimely under FED. R. APP. P. 4(b), his view that this court has jurisdiction to hear his appeal can succeed only if he can show both that the rule is nonjurisdictional and that the government forfeited its untimeliness objection. For purposes of this appeal it suffices to hold, assuming FED. R. APP. P. 4(b) is a case-processing rule, that because Singletary fails to demonstrate that the government forfeited its objection his appeal must be dismissed as untimely.

The government correctly points out that no rule, order, internal procedure, or published guidance from this court required it to object to the untimeliness of the appeal under FED. R. APP. P. 4(b) before it filed its initial brief. There is no provision in the Federal Rules of Criminal Procedure or the

Federal Rules of Appellate Procedure that requires a party to address the untimeliness of an appeal by filing a motion to dismiss. Nor is there such a requirement in the Circuit Rules of the United States Court of Appeals for the District of Columbia Circuit. Although there is mandatory language in Circuit Rule 27(g)(1), providing that "[a]ny motion which, if granted, would dispose of the appeal or petition for review in its entirety, or transfer the case to another court, must be filed within 45 days of the docketing of the case in this court," we agree with the Tenth Circuit that the local rule is best read as permissive, applying only to situations in which a party chooses to make a motion. *See United States v. Clayton*, 416 F.3d 1236, 1238-39 (10th Cir. 2005), *cert. denied*, 126 S. Ct. 1110 (2006). This circuit's *Handbook of Practice and Internal Procedures* (2006) states only that "[p]arties are particularly encouraged to file dispositive motions where a sound basis exists for summary disposition." *Id.* at 28. Moreover, the published *Frequently Asked Questions, United States Court of Appeals for the District of Columbia Circuit* (2006) makes the voluntary nature of filing a motion to dismiss explicit:

> [I]f the appeal of petition for review was filed out-of-time, . . . then a motion to dismiss is appropriate. If the jurisdictional question is particularly difficult, parties may wait and raise the question in their briefs. In other words, a jurisdictional argument is not waived if it is not raised in a motion within 45 days of the filing of the appeal.

*Id*. at 34-35.

Although the court directed Singletary to respond to an order to show cause, no response was requested from the government, and it was under no obligation to volunteer a response. *Cf. Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006).

Additionally, unlike in *Eberhart* and *Kontrick*, the government did not address the merits of Singletary's appeal before it filed its brief setting forth its untimeliness objection. *See Eberhart*, 126 S. Ct. at 407; *Kontrick*, 540 U.S. at 458; *see also United States v. Robinson*, 430 F.3d 537, 541-42 (2d Cir. 2005).

Consequently, although it is obviously desirable from the perspective of the parties and the court for untimely appeals to be promptly dismissed, the absence of a requirement to file a motion to dismiss prior to filing an appellate brief means that the government did not forfeit its objection that Singletary's appeal was untimely by first raising this defense in its initial brief on appeal. Accordingly, we dismiss the appeal as untimely and do not reach the merits.