

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2007

# Muhammad El Ali v. Litton Loan Ser

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4972

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Muhammad El Ali v. Litton Loan Ser" (2007). *2007 Decisions.* Paper 1603.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1603

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4972
_____

DONALD MUHAMMAD EL ALI;
LISA SMITH,

Appellants

V.

LITTON LOAN SERVICING, LP;
CREDIT BASED ASSET SECURITIZATION, LLC
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. No. 04-cv-02846)
District Judge:  Honorable Gene E. K. Pratter
_____

Submitted Under Third Circuit LAR 34.1(a)
February 8, 2007

Before:  FISHER, ALDISERT and WEIS, <u>CIRCUIT JUDGES</u>.

(Filed:  February 16, 2007)
_____

OPINION
_____

PER CURIAM

   Muhammad El Ali (also known as Donald Smith) and Lisa Smith, proceeding <u>pro</u>

<u>se</u>, appeal an order of the United States District Court for the Eastern District of

Pennsylvania dismissing their complaint and imposing a pre-filing injunction. We will dismiss this appeal because it is untimely.

In 2004, El Ali and Smith filed a complaint, which they later amended, seeking rescission of a mortgage and note with respect to their home in Bala Cynwyd, and alleging violations of the Truth-In-Lending Act and Fair Debt Collection Practices Act. The defendants filed a Rule 12(b)(6) motion to dismiss the Amended Complaint for failure to state a claim. Despite yeoman efforts by the District Court to encourage a response from El Ali and Smith, none was forthcoming. El Ali and Smith also failed to appear at two initial pretrial conferences, the second of which was scheduled for January 25, 2005. On February 7, 2005, the District Court dismissed the Amended Complaint with prejudice for failure to state a claim [1] and imposed a pre-filing injunction based on a finding that the plaintiffs had filed at least nine prior frivolous actions or appeals in the United States District Court for the Eastern District of Pennsylvania, the Bankruptcy Court for the Eastern District of Pennsylvania, and this Court, dating back to 2001.[2]

---

[1]The District Court held that, in light of the entry of a default judgment against El Ali and Smith in the Montgomery County Court of Common Pleas in April 2004, res judicata barred all claims. The District Court also held that to the extent that the state foreclosure action was still pending, both the Younger abstention doctrine and Rooker-Feldman prevented the District Court from deciding the case. Alternatively, the District Court held that the Truth-In-Lending Act claims were barred by the applicable statute of limitations. The District Court dismissed the Amended Complaint with prejudice and denied the plaintiffs' motion for a temporary restraining order.

[2]For a history of previous litigation, see footnote 2 in the District Court Opinion.

In late September 2005, the defendants moved to have El Ali and Smith held in contempt of the pre-filing injunction. On October 6, 2005, the District Court notified El Ali and Smith of a scheduled contempt hearing.[3] They filed a Notice of Appeal from the dismissal order and pre-filing injunction on November 4, 2005.

We have jurisdiction pursuant to 28 U.S.C. § 1291. A few days before El Ali and Smith filed their notice of appeal, the Supreme Court decided Eberhart v. United States, 126 S. Ct. 403, 407 (2005), holding that the rules setting forth time limits for a motion for a new trial are not jurisdictional, but claim-processing rules, and a party may forfeit an untimeliness defense by not timely raising it.

Eberhart involved Federal Rule of Criminal Procedure 33, which sets forth the time to file a motion for a new trial, and Rule 45, which limits a court's ability to extend the time to take action under Rule 33. The court of appeals had determined that the District Court lacked jurisdiction to grant Eberhart's motion for a new trial, even though the government raised Eberhart's noncompliance with the time limitations of Rule 33 for the first time on appeal. The Supreme Court held that the government had forfeited this defense in the district court, and thus the court of appeals should have proceeded to the merits. Id. In so ruling, the Supreme Court looked to its decision in Kontrick v. Ryan, 540 U.S. 443, 456 (2004), which held that a party may forfeit the defenses made available by the time limitations of Federal Rules of Bankruptcy Procedure.

---

[3]The hearing occurred on December 5, 2005. As of the date of this Opinion, the District Court has not rendered a decision.

3

This Court has not issued any order, rule, or other directive requiring that objections based on the untimeliness of an appeal be raised prior to the filing of the initial brief, and thus Litton did not forfeit its objection to the untimeliness of El Ali and Smith's appeal when it raised the issue for the first time in its appellate brief. See United States v. Singletary, ___ F.3d ___, 2006 WL 3716684 (D.C. Cir. Dec. 19, 2006) (holding that the Government did not forfeit its objection to the untimely filing of the notice of appeal by raising the issue in its appellate brief because there was no rule, order, internal procedure, or published guidance from the court of appeals requiring parties to object to the untimeliness of an appeal earlier in the appeal process).

Litton contends that the appeal is untimely because El Ali and Smith filed it more than thirty days after the District Court dismissed the Amended Complaint. We agree. The Federal Rules of Appellate Procedure required appellants to file their notice of appeal within thirty days of the date of the District Court's order. Fed. R. App. P. 4(a)(1). El Ali and Smith filed their notice of appeal on November 4, 2005, about seven months after the District Court entered the February 7, 2005 dismissal order. Because no timely Rule 59 or Rule 60 motion was filed, the appeal period was not tolled. See Fed. R. App. P. 4(a)(4); De la Fuente v. Central Elec. Co-Op, Inc., 703 F.2d 63, 65 (3d Cir. 1983). Also, El Ali and Smith did not file a motion for extension of time to file an appeal pursuant to Fed. R. App. P. 4(a)(5) or to reopen the time for filing an appeal pursuant to Rule 4(a)(6) in the District Court, their only avenues for extending or reopeneing the appeal period. See Poole v. Family Court of New Castle County, 368 F.3d 263, 269 (3d Cir. 2004)

4

(holding that relief under Rules 4(a)(5) and (6) requires the filing of the appropriate motion, not just a notice of appeal).

El Ali and Smith make no argument with respect to the timeliness of their notice of appeal. This is not a case of mere inadvertence by inexperienced pro se litigants. El Ali and Smith have filed about ten lawsuits in the Eastern District of Pennsylvania and have appealed District Court orders to this Court. They are not exempt from the rules of procedure.

Accordingly, because El Ali and Smith did not timely appeal the District Court's order, we will dismiss this appeal.