

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2007

# USA v. Ladner

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1228

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Ladner" (2007). *2007 Decisions.* Paper 980.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/980

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-1228

———

UNITED STATES OF AMERICA

v.

GREGORY LADNER,

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. No. 05-cr-00098
District Judge: Hon. Eduardo C. Robreno

———

Argued May 10, 2007

Before: RENDELL, JORDAN and ALDISERT, <u>Circuit Judges</u>.

(Filed June 8, 2007)

Maureen Kearney Rowley
Robert Epstein
David L. McColgin
Brett G. Sweitzer (Argued)
Federal Community Defender Office
For the Eastern District of Pennsylvania
Suite 540 West - The Curtis Center
601 Walnut St.
Philadelphia, PA 19106

Counsel for Appellant

Patrick L. Meehan
Robert A Zauzmer
K. Kenneth Brown, II (Argued)
615 Chestnut St., Suite 1250
Philadelphia, PA 19106

Counsel for Appellee

---

OPINION OF THE COURT

---

ALDISERT, Circuit Judge.

A jury convicted Gregory Ladner of attempting to purchase a firearm, something he was forbidden from doing on account of his previous felony convictions. He now appeals, arguing that the District Court erred in forbidding him from presenting the defense of entrapment by estoppel. According to Ladner, a 14-year-old gun store clerk led him to attempt to purchase a firearm and to inaccurately complete Bureau of Alcohol, Tobacco and Firearms ("ATF") Form 4473 by suggesting that his out-of-state convictions would not pose a problem for a gun purchase in Pennsylvania. We have jurisdiction under 28 U.S.C. § 1291. Although it is an open question of law in this Court whether the defense of entrapment by estoppel can be activated by comments made by a gun store clerk, we will not reach the issue. Ladner is currently a fugitive, and we will employ our discretion under the fugitive disentitlement doctrine to dismiss his appeal.

I.

The parties are familiar with the facts and proceedings before the District Court, so we will only briefly revisit them here. Gregory Ladner entered a federally licensed firearms dealership in New Holland, Pennsylvania known as the Sportsman's Shop on September 9, 2002. He asked to see some handguns, and was assisted by 14-year-old Jacob Klaasen, a clerk in the store. Ladner said that he would like to purchase a pistol, and Klaasen gave him ATF Form 4473.

While Ladner was filling out the form, he asked Klaasen for advice on how to answer one of the questions on the form—apparently a question dealing with his criminal history. According to Ladner's statement to police, he told Klaasen that he "had arrests in Illinois 25 years ago," and was concerned they might pose a problem. Ladner told a police detective that Klaasen told him if his "record was clean in [Pennsylvania]" then he "shouldn't have a problem," and that the old conviction "probably would not show up on the system." App. 210. At trial, Klaasen denied making these statements.

Ladner completed ATF Form 4473, certifying that he had not been convicted in any court of a felony, or other crime, for which the judge could have imprisoned him for more than one year. He signed the form, attesting that: "I also understand that making any false oral or written statement or exhibiting any false or misrepresented identification with respect to this transaction is a crime punishable as a felony." App. 138-139. Notwithstanding his statements on the form, Ladner had been convicted of multiple felony offenses for which he did or could have served more than one year of

3

imprisonment. He was indicted on charges of making false statements to a Federal Firearms Licensee ("FFL") in violation of 18 U.S.C. § 924(a)(1)(A).

The defendant gave the District Court pre-trial notice of his intent to raise the entrapment by estoppel defense—arguing that Klaasen's advice led him to erroneously complete ATF Form 4473. The District Court granted the government's motion to preclude the defense, reasoning that FFLs are not government officials charged with interpreting, administering or enforcing the law. Ladner failed to surrender for service of sentence, and remains at large.

II.

We are not required to hear this case. The Supreme Court has "consistently and unequivocally approve[d] dismissal as an appropriate sanction when a prisoner is a fugitive during 'the ongoing appellate process.'" Ortega-Rodriguez v. United States, 507 U.S. 234, 242 (1993). Ortega-Rodriguez identifies four justifications for dismissal in such cases: (1) "there could be no assurance that any judgment [a court] issued would prove enforceable," id. at 239-240 (citing Smith v. United States, 94 U.S. 97 (1876)); (2) "escape . . . disentitles the defendant to call upon the resources of the Court for determination of his claims," id. at 240 (quoting Molinaro v. New Jersey, 396 U.S. 365, 366 (1970) (per curiam)); (3) dismissal "serves an important deterrent function," id. at 242 (citing Estelle v. Durrough, 420 U.S. 534, 537 (1975)); and (4) dismissal "advances

4

an interest in efficient, dignified appellate practice," id.[1] The power of a court to dismiss such a case is known generally as the "fugitive disentitlement doctrine." See In re Assets of Martin, 1 F.3d 1351, 1356 (3d Cir. 1993).

The question, then, is whether to employ our discretion to hear this case. The Supreme Court has stated that "[n]o persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction." Molinaro, 396 U.S. at 366. Facing an uphill battle, Appellant—or rather his lawyer—argues that there are two reasons why we should not dismiss this appeal.

First, he argues that the government's request for dismissal was untimely because it appeared in the government's brief rather than in a pre-briefing motion. He suggests this contravenes Rule 27 of the Federal Rules of Appellate Procedure, which states that "[a]n application for an order or other relief is made by motion unless these rules prescribe another form." We decline to read Rule 27 as hindering the government from advising us for the first time in their brief of our discretionary power to dismiss an appeal.[2] Rule 27 regulates the proper use of motions on appeal; it is not a filter for

[1] In addition to these rationales, the Second Circuit has said that dismissal is justified to "avoi[d] prejudice to the other side caused by the defendant's escape." Empire Blue Cross & Blue Shield v. Finkelstein, 111 F.3d 278, 280 (2d Cir. 1997).

[2] Appellant further cites Third Circuit Local Appellate Rule 27.4 and Internal Operating Procedure 10.6. Neither assist him, given that they apply only when Appellee wishes to argue that "no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action"—not the case here. In a latch-ditch

5

Appellant to use in straining out arguments that might lead to dismissal. Cf. United States v. Singletary, 471 F.3d 193, 196 (D.C. Cir. 2006) (interpreting local rules regulating motions to "appl[y] only to situations in which a party chooses to make a motion," and not to bar a party from calling for dismissal in its brief).

Second, Appellant argues that we should hear this appeal so that we can settle an "important legal issue of first impression in this Circuit"—namely, "whether federal firearms licensees . . . are 'government officials' for purposes of the entrapment-by-estoppel defense." Appellant's Reply Br. 2-3. Although it is true that the Courts of Appeals are not united on this issue, Appellant's argument is unconvincing. We are generally disinclined to reach beyond the issues that necessarily must be decided to dispose of a case, and we are all the more reluctant to do so to reach an issue of first impression. Appellant presents no evidence of confusion in our district courts or of anything else that might induce us to see the matter differently. Judicial curiosity is insufficient justification for us to hear this appeal.

We will not permit Ladner to thumb his nose at justice and to remain a fugitive while we hear his appeal. We see no compelling reason to hear this case. On the other side of the balance, we recognize the possibility that our judgment may never be enforced,

effort, Appellant argues that it would "countenance the wasting of . . . expended resources" to dismiss the case this late in the day. Appellant's Reply Br. 2. This sunk-costs argument is no more convincing than the other sunk-costs arguments that economists delight in scorning.

and the importance of deterring similar behavior in other defendants who have undertaken appeals. See Ortega-Rodriguez, 507 U.S. at 239-240, 242. We conclude that Ladner's flight disentitles him to call upon the resources of this Court to hear his appeal. See id. at 240. We therefore will employ our discretion to dismiss this appeal.

******

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. Accordingly, the appeal will be dismissed.

———

7