NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 3, 2010[*]
Decided February 4, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-4070

| | |
|---|---|
| LIONEL P. TREPANIER, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 03 C 7433 |
| CITY OF BLUE ISLAND, et al., *Defendants-Appellees.* | David H. Coar, *Judge.* |

**O R D E R**

Lionel Trepanier was arrested after police officers in Blue Island, Illinois, encountered him on a city sidewalk pulling his two-year-old daughter in a wagon.  The officers reported that the girl was naked and protected against the 53-degree October evening only by urine-soaked blankets.  Trepanier was charged with contributing to the neglect of a child but eventually acquitted.  He sued the arresting officers, the city, and

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

others for alleged violations of his constitutional rights.[1]  In granting summary judgment for the defendants, the district court reasoned that Trepanier's federal claims were precluded by a ruling in his criminal case that the officers had probable cause to stop and arrest him. Trepanier filed a postjudgment motion challenging the district court's decision, and after that motion was denied, he filed a notice of appeal.  In this court he argues that the grant of summary judgment was erroneous, but the defendants contend that the appeal is limited to the denial of Trepanier's postjudgment motion.  We agree with the defendants, and because the district court did not abuse its discretion in denying that motion, we affirm the judgment.

The district court entered final judgment under Federal Rule of Civil Procedure 58 on September 29, 2008.  On October 17 the court received from Trepanier a pro se submission entitled "Motion for Reconsideration and for Leave To File a Brief and Memorandum in Support Within 21 Days."  That motion purports to rest on Federal Rule of Civil Procedure 59.  The defendants had not filed a response when the court denied the motion without comment on October 27.  Trepanier filed on November 26 a notice of appeal referencing the October 27 decision and the earlier grant of summary judgment.

The defendants argue that Trepanier's postjudgment motion was filed too late to toll the time for appealing the underlying grant of summary judgment.  A motion under Rule 59(e) to reconsider a judgment, if timely, causes the clock for appealing the underlying decision to reset if the postjudgment motion is denied.  FED. R. APP. P. 4(a)(4)(A)(v); *Borrero v. City of Chi.*, 456 F.3d 698, 699 (7th Cir. 2006).  Although Trepanier repeatedly states that he "filed" the motion on October 14, 2008, the tenth business day after entry of judgment, that was when he *mailed* his motion to the clerk of the district court.  The "mailbox rule" that deems a Rule 59(e) motion filed upon its deposit in the mail applies only to prisoners reliant on the institution to mail court papers.  *See Houston v. Lack*, 487 U.S. 266 (1988); *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001).  For all other litigants a paper is filed on the date it is delivered to the clerk of the court.  FED. R. CIV. P. 5(d)(2)(A); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 604-05 (7th Cir. 2006); *Johnson v. McBride*, 381 F.3d 587, 589 (7th Cir. 2004).  Trepanier filed his motion thirteen days after the district court entered judgment (not including weekends and federal holidays), which made his motion untimely under the ten-day limit then applicable.  *See* FED. R. CIV. P. 6(a)(2), 59(e) (2006 & Supp. I 2007) (revised

---

[1]Trepanier's daughter was a plaintiff in the district court, where she and her father were represented by an attorney.  Trepanier is proceeding pro se on appeal, and because a nonlawyer parent may not represent a child, *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001), we dismissed the daughter's appeal after Trepanier failed to hire a lawyer to represent her.  Accordingly, we discuss only Trepanier's claims in this order.

Dec. 1, 2009). (On December 1, 2009, the time allotted for filing a Rule 59(e) motion was increased from ten business days to 28 calendar days. FED. R. CIV. P. 59(e), 6(a)(1).) Accordingly, the defendants argue, the time for Trepanier to appeal the grant of summary judgment was not tolled by the postjudgment motion and expired on October 30, 2008. *See* FED. R. APP. P. 4(a)(1)(A). Trepanier did not file his notice of appeal until November 26, and thus the defendants contend that this appeal is untimely as to the underlying judgment and valid only as to the denial of the postjudgment motion. And that ruling, the defendants insist, was not an abuse of discretion.

In reply Trepanier argues that the time limit in Rule 59(e) is a claims-processing rule, not a jurisdictional one. Thus, he continues, the defendants waived any objection to the untimeliness of his postjudgment motion by failing to object in the district court. He relies on a Sixth Circuit opinion, *National Ecological Foundation v. Alexander*, 496 F.3d 466, 473-76 (6th Cir. 2007), which holds that the time limit in Rule 59(e) is indeed a claims-processing rule, and if the party opposing the motion waives an untimeliness objection, the motion is considered "timely" for purposes of tolling the time to appeal under Federal Rule of Appellate Procedure 4(a)(4)(A)(v). *See also First Avenue West Building, LLC v. James* (*In re OneCast Media, Inc.*), 439 F.3d 558, 562-63 (9th Cir. 2006).

The Supreme Court recently iterated that many rules once thought to be jurisdictional are actually claims-processing rules that do not affect a federal court's power to hear a case. *Bowles v. Russell*, 551 U.S. 205, 208-213 (2007). And a claims-processing rule, unlike a jurisdictional provision, may be waived by a litigant who does not assert its protection. *See Bowles*, 551 U.S. at 213; *Eberhart v. United States*, 546 U.S. 12, 19 (2005); *Kontrick v. Ryan*, 540 U.S. 443, 447, 456 (2004). But we need not decide whether Rule 59(e) is a jurisdictional rule or a claims-processing rule because, either way, the defendants did not waive the protection of the rule.

Taking his lead from *National Ecological Foundation*, Trepanier contends that the defendants waived the protection of the time limit for Rule 59(e) motions by not filing a response to his postjudgment motion. We disagree. In *National Ecological Foundation* the defendants had agreed not to contest the movants' request for more time to file a Rule 59(e) motion and then, consistent with that agreement, opposed the motion on the merits, not as untimely. 496 F.3d at 473, 476; *see also Eberhart*, 546 U.S. at 13-14 ("Rather than arguing, however, that the untimeliness of the supplemental memorandum [to the defendant's posttrial motion in a criminal case] barred the District Court from considering the issues it raised, the Government opposed it on the merits."). Here, it is not clear that the defendants were even required to file a response because Trepanier did not follow the local rules of the district court and include with the motion a notice of presentment specifying when the motion will be presented. N.D. ILL. LOC. R. 5.3(b), 78.2. And under those same rules the

absence of a response is not deemed to waive any objection to a postjudgment motion. N.D. ILL. LOC. R. 78.3; *Garcia v. HSBC Bank USA, N.A.*, No. 09-CV-1369, 2009 WL 4730961, at *2 n.1 (N.D. Ill. 2009); *see also Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000) (explaining that, if "the party opposing the motion thinks the motion's lack of merit so patent that no response is required," the district court "either orders the party to respond or decides the motion without the benefit of a response"). The defendants asserted the untimeliness defense before ever addressing the merits of Trepanier's postjudgment motion either in this court or in the district court and therefore have not waived the defense, whether or not the time limit is a claims-processing rule. *See United States v. Singletary*, 471 F.3d 193, 196 (D.C. Cir. 2006) (holding that government preserved untimeliness argument under Federal Rule of Appellate Procedure 4(b) by asserting contention before addressing merits of defendant's appeal). *Cf. Nat'l Ecological Found.*, 496 F.3d at 481 (Sutton, J., concurring) (asserting that panel should decline to decide whether Rule 59(e) is a claims-processing rule and instead "adhere to the straightforward practice we have long employed" and construe untimely Rule 59(e) motion as timely Rule 60(b) motion).

Accordingly, we conclude that Trepanier's postjudgment motion, filed more than ten business days after entry of the underlying judgment, did not toll the time to appeal that decision. The notice of appeal covers only whether the district court properly denied Trepanier's postjudgment motion. In the motion Trepanier set forth numerous purported errors in the court's reasons for granting the defendants' motion for summary judgment.

Because the defendants did not waive the time limit in Rule 59(e), the postjudgment motion must be construed as one under Rule 60(b). *See Talano v. Nw. Med. Faculty Found.*, 273 F.3d 757, 762 (7th Cir. 2001). We review the denial of a Rule 60(b) motion only for an abuse of discretion. *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A litigant may not use Rule 60(b) to challenge errors that could have been brought in an appeal from the underlying judgment. *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009); *Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir.), *cert. denied*, 129 S. Ct. 609 (2008). Trepanier challenged only the district court's reasoning in the underlying judgment, errors that could have been raised in a timely appeal, and therefore the court properly denied the motion.

Accordingly, we AFFIRM the district court's denial of Trepanier's postjudgment motion.