**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 00-7433**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH EDWARDS MONROE, a/k/a Slim,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Henry C. Morgan, Jr., District Judge, sitting by designation. (CR-94-41)

───────────────

Submitted: July 26, 2001          Decided: July 31, 2001

───────────────

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

───────────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

───────────────

Joseph Edwards Monroe, Appellant Pro Se. Sharon Burham, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph Edwards Monroe seeks to appeal the district court's order denying his motion to reduce his sentence filed under 18 U.S.C.A. § 3582 (West 2000),* and the order finding that Monroe had not established excusable neglect warranting an extension of the appeal period. We have reviewed the record and the district court's order regarding excusable neglect and find no abuse of discretion. United States v. Breit, 754 F.2d 526, 529 (4th Cir. 1985) (stating standard of review). Accordingly, we affirm the excusable neglect determination on the reasoning of the district court. United States v. Monroe, No. CR-94-41 (W.D. Va. Oct. 10, 2000).

With regard to Monroe's appeal from the order denying his § 3582 motion, we dismiss the appeal for lack of jurisdiction. In criminal cases, the defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, the district court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect. Fed. R. App. P. 4(b)(4); United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies); United

---

* To the extent that Monroe seeks to appeal the district court's order entered on April 14, 2000, which denied his co-defendant's § 3582 motion, we dismiss the appeal.

2

States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).  This appeal period is "mandatory and jurisdictional."  Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)); United States v. Raynor, 939 F.2d 191, 197 (4th Cir. 1991).

The district court's order was entered on the docket on March 25, 1999.  Monroe's notice of appeal was filed nunc pro tunc on May 14, 2000.  Because Monroe failed to file a timely notice of appeal, to obtain an extension based upon excusable neglect, or to obtain a reopening of the appeal period, we deny leave to proceed in forma pauperis and dismiss this portion of the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART AND DISMISSED IN PART