UNITED STATES of America, Plaintiff–Appellee,

v.

Oswaldo ARRANGO, Domingo Reyes, Defendants,

José Munoz, Defendant–Appellant.

Docket No. 01–1540.

United States Court of Appeals, Second Circuit.

Submitted: May 15, 2002.

Decided: May 17, 2002.

---

José Munoz, pro se, Coleman, FL, for Defendant–Appellant.

Robin W. Morey, New York, NY, for Plaintiff–Appellee.

Before CALABRESI, CABRANES, Circuit Judges, and MURTHA, District Judge.*

PER CURIAM.

José Munoz, *pro se*, appeals from an order of the United States District Court for the Southern District of New York, (Duffy, *J.*) denying his 18 U.S.C. § 3582(c)(2) motion to modify his term of imprisonment. The issue before us is whether the ten-day period for filing a notice of appeal from a criminal proceeding applies to an order denying a § 3582(c)(2) motion. We hold that it does, and therefore dismiss the appeal.

### Background

In July 1999, Munoz was convicted of bailjumping, in violation of 18 U.S.C. § 3146(a) and (b), and possession with intent to distribute over 500 grams of cocaine, in violation of 21 U.S.C. § 845a (currently § 860). He was sentenced to 27 months' imprisonment for the bailjumping count and to 60 months' imprisonment for the narcotics count, to be served consecutively. In January 2001, Munoz filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), to modify the term of imprisonment imposed for the narcotics count in light of a November 2000 amendment to the Sentencing Guidelines. On July 13, 2001, the district court entered an order denying the motion as meritless. Thirty-eight days later, on August 20, 2001, Munoz filed a notice of appeal and requested that the district court grant leave to appeal. The district court construed the request as a Fed.R.Civ.P. 4(b)(4) motion for an extension of time to file a notice of appeal and denied the motion because there had been no showing of excusable neglect or good cause.

### Discussion

■■■■ The timely filing of a notice of appeal is mandatory and jurisdictional. *See Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). The issue of whether Munoz's notice of appeal was timely filed, and hence whether this Court has jurisdiction, turns on whether the applicable period to file a notice of appeal from the denial of a § 3582(c) motion is the ten-day period applicable to criminal proceedings or the sixty-day period applicable to civil proceedings when the United States is a party. *See* Fed. R.App. P. 4. All other Circuits that have considered the question have concluded that the ten-day period applies, reasoning that a § 3582(c)(2) motion is a continuation of the prior criminal proceeding. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir.2000); *United States v. Petty*, 82 F.3d 809, 810 (8th Cir.

---

* The Honorable J. Garvan Murtha, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

1996); *United States v. Ono*, 72 F.3d 101, 102 (9th Cir.1995); *United States v. Monroe*, 16 Fed.Appx. 150, 2001 WL 863570 (4th Cir.2001) (unpublished decision). We agree with our sister Circuits and hold that the ten-day period applies. Accordingly, because Munoz did not file a notice of appeal within ten days of the entry of the order, and because the district court denied Munoz's motion for an extension of time to appeal, this Court lacks jurisdiction to hear the appeal.

### Conclusion

The appeal is DISMISSED for lack of jurisdiction and the pending motion for assignment of counsel is DENIED as moot.