

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-2008

# USA v. Wright

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4804

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Wright" (2008). *2008 Decisions*. Paper 872.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/872

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-219                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4804
_____

UNITED STATES OF AMERICA

v.

MARK WRIGHT,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 93-cr-00386-5)
District Judge:  Honorable Harvey Bartle III

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 5, 2008

Before: BARRY, CHAGARES and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 8, 2008)

_____

OPINION
_____

PER CURIAM

Mark Wright appeals the District Court's order denying his motion for a

modification of his sentence filed pursuant to 18 U.S.C. § 3582(c)(2).  Because this case

presents no substantial question, we will summarily affirm.

Wright was convicted of drug-related offenses and was sentenced to a term of life imprisonment in 1994. This Court affirmed the judgment of conviction and sentence. Since 1996, Wright has unsuccessfully pursued post-conviction relief. In November 2007, Wright filed a pro se motion pursuant to 18 U.S.C. § 3582(c)(2), seeking a modification of his sentence. The District Court denied the motion by order entered December 5, 2007. Wright's notice of appeal was dated and filed on December 26, 2007. Fifteen days later, on January 10, 2008, the District Court entered on the docket a written amplification of its December 5, 2007 order.[1] See Local Appellate Rule 3.1.

Wright sought relief based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense level for cocaine base offenses. A § 3582(c)(2) motion is the proper means for seeking a reduction in sentence based on the retroactive application

---

[1] A motion filed pursuant to § 3582(c)(2) is considered a continuation of the criminal proceedings against a defendant. Thus, the ten-day period for filing a notice of appeal applies. See Fed. R. App. P. 4(b)(1)(A); United States v. Espinosa- Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003); United States v. Arrango, 291 F.3d 170, 171 (2d Cir. 2002). As noted, the District Court's order was entered on December 7, 2007. Wright did not indicate when he received the District Court's order, see United States v. Grana, 864 F.2d 312, 316 (3d Cir. 1989), but his notice of appeal was delivered to prison authorities for mailing, at the earliest, on December 26, 2007. See Houston v. Lack, 487 U.S. 266, 270 (1988). That date is more than 10 days beyond entry of the District Court's order. The District Court's written amplification of the original order does not effect the timeliness analysis. Cf. United States v. Smalley, 517 F.3d 208, 213 (3d Cir. 2008). Thus, Wright's notice of appeal was untimely filed under Fed. R. App. 4(b)(1). Importantly, however, several of our sister circuits have held that Rule 4(b)(1) is an "inflexible claim-processing rule," which, unlike a jurisdictional rule, may be forfeited if not properly raised by the government. See e.g., United States v. Molina Martinez, 496 F.3d 387, 388-89 (5th Cir. 2007). In this case, the government forfeited Rule 4(b)(1)'s time bar. See United States v. Mitchell, 518 F.3d 740, 750-51 (10th Cir. 2008). Thus, jurisdiction exists and we will address the merits of Wright's claims.

2

of a lowered sentencing range. Importantly, however, the relevant retroactivity provision in this case did not take effect until March 3, 2008. See U.S.S.G. § 1B1.10(c) (effective Mar. 3, 2008). Thus, the District Court properly denied the motion – filed in November 2007 – as premature. Although the retroactivity provision has now become effective, we will not remand this matter because Wright has already filed a new § 3582(c)(2) motion in the District Court, which is currently pending.

Accordingly, we will summarily affirm the District Court's order denying the prematurely-filed § 3582(c)(2) motion. See Third Circuit I.O.P. 10.6.