**UNITED STATES of America**

v.

**Ahmed JOAQUIN, a/k/a/ Ahmeed Joaquin**

**Ahmed Joaquin, Appellant.**

**No. 09–1079.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 11, 2010.

Opinion filed: Jan. 25, 2010.

---

Norman Gross, Esq., Office of United States Attorney, Camden, NJ, George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for United States of America.

Candace Hom, Esq., Office of Federal Public Defender, Newark, NJ, for Appellant.

Before: RENDELL, AMBRO, and CHAGARES, Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

Ahmed Joaquin pled guilty in the District of New Jersey to possession of a firearm by a convicted felon and was sentenced to 96 months' imprisonment, to run consecutively to an undischarged sentence on drug charges in state court. He now appeals that sentence as procedurally and substantively unreasonable. We disagree, and thus affirm.[1]

## I.

In July 2007, two Newark police officers in plainclothes observed Joaquin running from a group of uniformed police officers who had responded to a report of a stolen vehicle near a public housing complex. The officers stopped and frisked Joaquin and discovered a loaded .32 caliber pistol in his pocket. The officers arrested Joaquin and during a search of his person discovered two "decks" of heroin and a vial of cocaine.

Joaquin was initially charged with drug and firearm offenses in New Jersey state court. The United States Attorney's Office for the District of New Jersey then adopted the case for federal prosecution.[2] In January 2008, a federal grand jury returned an indictment charging Joaquin with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He pled guilty to this offense in June 2008.

Joaquin was sentenced in December 2008. The United States Probation Office determined that his total offense level was 25, which included a four-level upward adjustment because Joaquin possessed a firearm in connection with a drug-trafficking

---

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). "The abuse-of-discretion standard applies to both our procedural and substantive reasonableness inquiries." *United States v. Tomko,* 562 F.3d 558, 567 (3d Cir.2009) *(en banc).*

We also review the District Court's decision to impose a consecutive sentence for abuse of discretion. *United States v. Swan,* 275 F.3d 272, 275 (3d Cir.2002).

2. According to the Presentence Investigation Report, the state charges were dismissed.

offense. *U.S.S.G.* § 2K2.1(b)(6). His criminal history category was VI, with a resulting Guideline range of 110 to 120 months' imprisonment. At sentencing, Joaquin argued, among other things, that (1) the § 2K2.1(b)(6) enhancement was improper because he had not been engaged in a drug transaction when he was stopped by police; and (2) his criminal history category of VI overstated the seriousness of his criminal record, warranting a downward departure under U.S.S.G. § 4A1.3. The District Court agreed with Joaquin's first argument and declined to apply the four-level enhancement. The Court rejected his second argument, finding that, "if anything, the criminal history category ... understate[d] Mr. Joaquin's [criminal] record." [3]

Joaquin's adjusted offense level was 21, with a resulting Guideline range of 77 to 96 months' imprisonment. At sentencing, he requested that the District Court sentence him at the bottom of the Guideline range. Joaquin also requested that his sentence run concurrently to a six-year sentence he was serving on drug-trafficking offenses brought in state court, which was imposed in December 2007 (shortly before he was indicted federally in January 2008).[4] The District Court rejected Joaquin's requests and sentenced him to 96 months' imprisonment, to run consecutively to his undischarged state court sentence. Joaquin timely appealed.

## II.

"Our responsibility on appellate review of a criminal sentence is limited yet important: we are to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way." *United States v.*

*Levinson,* 543 F.3d 190, 195 (3d Cir.2008). Our review proceeds in two stages. First, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Second, we consider the totality of the circumstances to determine whether the sentence is substantively reasonable. *Tomko,* 562 F.3d at 567. "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568.

Where "a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a). The district court must consider the 18 U.S.C. § 3553(a) factors when deciding whether to impose a concurrent or consecutive sentence. *Id.* § 3584(b). The policy statement in U.S.S.G. § 5G1.3(c) provides that a sentence may be imposed consecutively to an undischarged sentence "to achieve a reasonable punishment for the instant offense."

## III.

Joaquin contends that the District Court's sentence was procedurally unrea-

---

**3.** Joaquin does not challenge on appeal the District Court's denial of a downward departure under § 4A1.3.

**4.** According to the Presentence Investigation Report, these charges arose from Joaquin's May 2006 arrest for selling heroin and crack cocaine in Newark.

sonable because the Court was "so overly preoccupied with the punitive aspects of sentencing" that it failed to consider mitigating factors demonstrating that a consecutive sentence was "greater than necessary" to achieve the sentencing objectives of 18 U.S.C. § 3553(a).

The record reveals otherwise. The District Court stated that it had "listened very carefully" to Joaquin's arguments that a concurrent sentence was warranted in light of his underprivileged background, his brief employment after he was released from prison in 2004, and the fact that he had recently learned to read and write. The Court, however, was not persuaded that these factors outweighed the need for a consecutive sentence. *See United States v. Bungar*, 478 F.3d 540, 546 (3d Cir.2007) (a district court's "failure to give mitigating factors the weight a defendant contends they deserve" does not render the sentence unreasonable).

The Court explained that Joaquin's significant criminal record "indicate[d] that [he] indeed need[ed] to be deterred," and that a lengthy sentence was required "to demonstrate to [him] that [his] . . . felony weapons convictions, plus all of [his] prior drug convictions[,] are extraordinarily serious in our current environment." *See* 18 U.S.C. §§ 3553(a)(2)(A), (B). The Court noted that Joaquin had received "relatively lenient sentences" for his past crimes, which included (1) five convictions for drug offenses for which Joaquin received terms of imprisonment with periods of parole ineligibility of one, two, or three years; (2) an arrest for assaulting the woman he was dating, for which he was permitted to plead guilty to a lesser offense and was fined $150; and (3) another arrest for assaulting the same person in violation of a

restraining order, for which he was permitted to plead guilty to contempt of court and served 28 days in prison. Finally, the Court emphasized the need to deter others from engaging in similar conduct, and to protect the public from further crimes Joaquin might commit. *See id.* §§ 3553(a)(2)(B), (C).

Joaquin nonetheless complains that when he was sentenced on state drug charges in December 2007, he believed "there would be no federal charges" arising out of his July 2007 arrest.[5] Joaquin represents that, had he known he would face such a federal charge, he would have attempted to delay his sentencing in state court until after his sentencing in federal court, thus avoiding the imposition of a consecutive federal sentence, as well as the three additional criminal history points that resulted from his state court conviction.[6] He contends that the District Court committed procedural error by failing to consider the possibility that a consecutive sentence would create a "disparate sentencing situation between [ ] Joaquin and a similarly situated defendant," as Joaquin now faces "a much longer sentence than someone who was able to resolve [both] offenses in a single jurisdiction, or someone who had been sentenced first at the federal level and thereafter received a concurrent sentence in state court."

We disagree. 18 U.S.C. § 3553(a)(6) directs district courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See also U.S.S.G.* § 5G1.3 cmt. n. 3(A) (district courts should consider whether a consecutive or concurrent sentence will "achieve a reasonable incremental punishment for the instant offense and

---

5. Joaquin has not identified the basis for his belief that he would not be charged federally.

6. Even without those additional criminal history points, Joaquin's criminal history category would have remained VI.

avoid unwarranted disparity"). It is apparent that the District Court determined that any "disparity" resulting from the sequence of Joaquin's state and federal court sentencings was not unwarranted in light of Joaquin's criminal record. The Court noted that Joaquin had been jointly sentenced for four prior offenses and, as a result, had received a "package deal" that likely reduced his aggregate sentence for those offenses. The Court explained that a consecutive sentence was necessary in this case to impress upon Joaquin that there is "a point where courts will not give [him] package deals for all of [his] offenses simply as a matter of expediency." In this context, we discern no procedural error in the Court's decision to impose a consecutive sentence.

In sum, our review of the record confirms that the District Court gave "rational and meaningful" consideration to the relevant § 3553(a) factors in imposing its sentence. *United States v. Grier*, 475 F.3d 556, 571 (3d Cir.2007) (en banc). We therefore conclude that the Court's sentence was procedurally reasonable.

## IV.

Joaquin finally argues that the District Court's imposition of a term of 96 months' imprisonment—to run consecutively to his state court sentence of six years (with a parole ineligibility of three years)—resulted in an "overly punitive" and substantively unreasonable sentence. We conclude, however, that his sentence "falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir.2008); *see also Tomko*, 562 F.3d at 568. Accordingly, we affirm his sentence.