PS4-117                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1097
_____

UNITED STATES OF AMERICA

v.

AHMED JOAQUIN,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 08-cr-00031)
District Judge:  Honorable Stanley R. Chesler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 13, 2015
Before:  FISHER, KRAUSE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 14, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Ahmed Joaquin seeks review of the District Court's order denying

his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  We will dismiss

the appeal as untimely.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

In 2008, Joaquin pleaded guilty to unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). His judgment of sentence was affirmed on direct appeal. See United States v. Joaquin, 362 F. App'x 289 (3d Cir. 2010). In 2014, Joaquin filed an "Affidavit Oath of Declaration and Letter/Motion for to Appoint Counsel" in which he indicated that the Sentencing Commission had met to discuss proposed changes to the sentencing guidelines for § 922 offenses. In an order entered December 4, 2014, the District Court construed the document as a motion for sentence reduction pursuant to § 3582(c), and denied it. On December 29, 2014, Joaquin's "Response of the Denial" was filed, in which he asked the District Court to reconsider its decision or "treat this request as a 'Notice of Appeal.'" The document was separately docketed as a notice of appeal.

Pursuant to Fed. R. App. P. 4(b)(1)(A), a defendant in a criminal case has 14 days from the entry of the district court's judgment to timely file a notice of appeal. See United States v. Arrango, 291 F.3d 170, 171-72 (3d Cir. 2002) (recognizing that a § 3582 motion is a continuation of the prior criminal proceeding). Joaquin's notice of appeal was untimely, even by December 22, 2014, the day it was dated.[1] Although Rule 4(b)'s time limitations are not jurisdictional, the Government has properly invoked the rule by

constitute binding precedent.

[1] Even assuming the document, if construed as a motion for reconsideration, could toll the time for taking an appeal, see United States v. Brewer, 60 F.3d 1142, 1144 (5th Cir. 1995), it was untimely filed. See Browder v. Dir., Dep't of Corr. of Ill., 434 U.S. 257, 268 (1978) (a motion to reconsider in a criminal case is timely if "filed within the original period for review.") (quoting United States v. Healy, 376 U.S. 75, 78 (1964)).

requesting in its brief that this Court dismiss the appeal as untimely. See Virgin Islands v. Martinez, 620 F.3d 321, 327 (3d Cir. 2010) ("Upon proper invocation of [Rule 4(b)] when a notice of appeal is filed out of time, we must dismiss the appeal."). Accordingly, we will dismiss the appeal as untimely. Joaquin's "Motion for Abeyance" is denied.