20-3065-cr
United States v. Jose Rivera

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of August two thousand twenty-one.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             DENNY CHIN,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

             v.                                                    20-3065-cr

JOSE RIVERA,

                    *Defendant-Appellant*.*

_____

Appearing for Appellant:     Timothy P. Murphy, Federal Public Defender's Office, Western District of New York, Buffalo, N.Y.

Appearing for Appellee:      Tiffany H. Lee, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

* The Clerk of Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be and it hereby is **DISMISSED**.

Defendant-Appellant Jose Rivera appeals from the district court's orders of July 2, 2020, and August 6, 2020, denying his motion to reduce his sentence under 18 U.S.C. § 3582(c)(1) and his motion for reconsideration of that decision. The government argues that the appeal is untimely. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We agree with the government and dismiss Rivera's appeal as untimely. A notice of appeal in a criminal case must be filed within 14 days of the entry of the judgment or order being appealed. Fed. R. App. P. 4(b)(1)(A); *see also United States v. Arrango*, 291 F.3d 170, 171 (2d Cir. 2002) (applying time to appeal in a criminal case to § 3582 proceedings). Although Rule 4(b) is not jurisdictional, when "the government properly objects to the untimeliness of a defendant's criminal appeal, [it] is mandatory and inflexible." *United States v. Frias*, 521 F.3d 229, 234 (2d Cir. 2008). Here, Rivera's August 27, 2020 notice of appeal was untimely filed, as the district court explicitly noted in its text order extending Rivera's time to file an appeal to August 17, 2020, that it would not and could not extend the time period beyond this date. Because the government objects to the appeal's timeliness, we must dismiss the appeal.[*]

Accordingly, we DISMISS the appeal as untimely filed.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[*] Even if Rivera's appeal were timely, his challenges to the district court's motions denials would likely fail on the merits. We review sentence reduction decisions under § 3582(c)(1)(A) for abuse of discretion. *See United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). That section, as amended by the First Step Act, states that a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Thus, even if a defendant demonstrates extraordinary and compelling circumstances, a district court must still be satisfied that a sentence reduction is warranted under 18 U.S.C. § 3553(a). Here, the district court concluded that the Section 3553(a) factors outweighed any extraordinary and compelling reasons for a sentence reduction, and we identify no abuse of discretion in this determination.