NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 20-3632 & 21-1078
_____

UNITED STATES OF AMERICA

v.

KAREEM MILLHOUSE,
                                Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-06-cr-00285-001)
District Judge:  Honorable Juan R. Sánchez

_____

Submitted on Appellee's Motion for Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 22, 2021

Before: MCKEE, GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed: February 9, 2022)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kareem Millhouse, a prisoner at USP-Coleman, appeals from orders of the District Court denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and related motions. The Government has filed a motion for summary affirmance. For the following reasons, we will grant the motion and summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2007, Millhouse was convicted of robbery, armed robbery, and related offenses, including three counts of using a firearm during a crime of violence (18 U.S.C. § 924(c)). While awaiting trial on those charges, Millhouse attacked his court-appointed attorney. As a result, he was charged and convicted of aggravated sexual abuse, sexual abuse, escape, and related offenses. He was sentenced to 300 months' imprisonment, with 100 months to be served consecutively to the 894-month sentence he received in the robbery case.

In May 2020, Millhouse filed a motion for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, which authorizes criminal defendants to seek reductions of their sentences by demonstrating "extraordinary and compelling" circumstances.[1] Millhouse argued that he suffers from numerous medical conditions which expose him to a high risk of serious illness or death from COVID-19, including, inter alia, cardiac disease and asthma. He also argued that the 18 U.S.C.

---

[1] Millhouse was required to exhaust his administrative remedies. See 18 U.S.C. § 3582(c)(1)(A). The District Court addressed the motion on the merits after determining that there was evidence Millhouse had requested compassionate release from the warden at USP-Coleman and that the Government had abandoned its failure to exhaust argument. See ECF No. 266 at 4 n.1. The Government does not dispute these findings on appeal.

§ 3553 (a) factors weighed in favor of release. He filed several supplemental motions setting forth his arguments in support of compassionate release including that, "due to the Johnson[2] line of cases, 924(c)(3)(B) has been struck down. . . . Defendant request his (3) 924(c)(3)(B) convictions is (sic) vacated otherwise he has what amount[s] to a 'life sentence.'" ECF No. 238.

In an order entered November 19, 2020, the District Court denied the § 3582 motion. It determined that Millhouse's medical conditions, which were not on the CDC's high-risk list, did not serve as "extraordinary and compelling reasons" for his release, and, regardless, that Millhouse posed a danger to the community. ECF No. 266 at 7-10. Millhouse filed a "Supplemental Motion under [§ 3582]," arguing that he suffered from obesity which, when considered with the other medical conditions he identified, puts him at heightened risk for COVID-19. The District Court denied that motion in an order entered December 10, 2020. Millhouse appealed.[3] The Government seeks summary affirmance.

---

[2] Johnson v. United States, 576 U.S. 591, 597 (2015) (holding that the residual clause of the Armed Career Criminal Act is unconstitutionally vague); see also United States v. Davis, 139 S. Ct. 2319, 2324 (2019) (reaching the same conclusion about the residual clause of § 924(c)).

[3] Millhouse filed two notices of appeal (NOA), the first "from [the] order denying compassionate release and other issues with respect to compassionate release motion," see ECF No. 279 (docketed at C.A. No. 20-3632), and the second from the November 19 and December 10, 2020 orders, see ECF No. 283 (docketed at C.A. No. 21-1078). The appeals are consolidated for all purposes. See Fed. R. App. P. 3(b)(2).

We have jurisdiction pursuant to 28 U.S.C. § 1291.[4] We review a district court's decision to deny a motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached." Id. (quotation marks and citation omitted).

A district court may reduce a defendant's term of imprisonment "after considering the factors set forth in § 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The District Court assumed, and we subsequently held, that it was not constrained in assessing what constitutes extraordinary and compelling reasons for relief by the Sentencing Commission's policy statement, U.S.S.G. § 1B1.13. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). We agree, largely for the reasons provided

---

[4] A § 3582 motion is a continuation of the prior criminal proceeding, see United States v. Arrango, 291 F.3d 170, 171-72 (3d Cir. 2002), so, to be timely, a defendant's notice of appeal must be filed in the district court no later than 14 days after the challenged order is entered. See Fed. R. Crim. P. 4(b)(1)(A). Although the notices of appeal for both appeals were filed outside this time period, the District Court granted Millhouse's motion for an extension of time to file an appeal from the District Court's December 10, 2020 order pursuant to Fed. R. App. P. 4(b)(4). See ECF No. 295. Additionally, even if the appeal from the November 19, 2020 order is untimely, which is not clear in light of the particular procedural history of this case, we will review the merits. The 14-day period for filing a notice of appeal in a criminal case is non-jurisdictional, see Gov't of the V.I. v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010), and the Government does not invoke Rule 4(b) but asks us to rule on the merits. See id. at 329; see also United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012).

by the District Court, that Millhouse's medical conditions did not present extraordinary and compelling reasons warranting compassionate release.

Millhouse argues that the District Court "failed to address the 924(c) stacking" claim. Informal Br. at 2. Regardless of whether the District Court should have explicitly considered Millhouse's argument, the "924(c) stacking" claim (based on the decrease in penalties for 924(c) offenses under § 403 of the FSA) could not serve as an extraordinary and compelling reason warranting a reduction in his sentence or release.[5] As we recently held, "[t]he nonretroactive changes to the 924(c) mandatory minimums [ ] cannot be a basis for compassionate release." Andrews, 12 F.4th at 261. We did not, as Millhouse contends, hold that a nonretroactive sentencing reduction may be considered along with "other" extraordinary and compelling reasons for relief; rather, we recognized that it may be a relevant consideration once a prisoner shows extraordinary and compelling circumstances and the district court weighs the § 3553 factors at the next step of the analysis, which did not happen here.[6] Id. at 262.

---

[5] To the extent that Millhouse was challenging his conviction based on Johnson, a motion for compassionate release is not the proper avenue to have raised such a challenge. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (noting that motions to vacate "pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences"). We note that Millhouse has filed a counseled § 2255 motion raising his Johnson claim. See ECF No. 235.

[6] Although the District Court indicated in a footnote that it would deny Millhouse's § 3582 motion "based on his danger to the community and the § 3553(a) factors," the District Court discussed the potential danger to the community more than it considered the sentencing factors; in any event, we do not reach any alternative holding. ECF No. 266 at 5 n.2.

Finally, the District Court reasonably did not address Millhouse's "cruel and unusual punishment" argument. While Millhouse made general allegations related to a claim of "cruel and unusual punishment" in one of his numerous supplemental filings in the District Court, he did not specifically argue that they were a basis for granting compassionate release. See In re Ins. Brokerage Antitrust Litig., 579 F.3d 241, 262 (3d Cir. 2009) (explaining that a "fleeting reference or vague allusion to an issue" does not sufficiently alert the District Court to the issue and does not preserve the issue for appeal).

Based on the foregoing, Millhouse's challenge to the District Court's orders does not present a substantial question. We therefore grant the Government's motion for summary affirmance, and we will summarily affirm the District Court's orders.[7]

---

[7] To the extent that Millhouse argues that the District Court erred in failing to appoint counsel, we find no abuse of discretion. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). We also deny the request for counsel on appeal.