**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2452
_____

UNITED STATES OF AMERICA

v.

MARCELLAS HOFFMAN, a/k/a MOE,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-01-cr-00169-002)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
and on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 3, 2022
Before:  MCKEE, GREENAWAY, JR. and PORTER, Circuit Judges

(Opinion filed: March 22, 2022)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Marcellas Hoffman, a federal prisoner, appeals an order of the District Court denying his motion for compassionate release. The Government has filed a motion for summary affirmance. For the following reasons, we will grant the motion and summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Hoffman, who is serving a 450-month sentence for drug and firearms convictions, sought compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, which authorizes criminal defendants to seek reductions of their sentences by demonstrating "extraordinary and compelling" circumstances.[1] He argued that he suffers from various conditions, including Type II diabetes and obesity, that make him more vulnerable should he contract COVID-19.[2] He also maintained that consideration of the sentencing factors outlined in 18 U.S.C. § 3553(a) weighed in favor of release, particularly in light of his rehabilitation while in prison.

The District Court recognized that Hoffman's Type II diabetes and obesity put him at increased risk because of COVID-19. However, it determined that his medical conditions were appropriately managed and did not present extraordinary and compelling reasons warranting compassionate release. Moreover, the District Court concluded that Hoffman posed a danger to the community, and that the § 3553 factors weighed against

---

[1] Hoffman exhausted his administrative remedies. See 18 U.S.C. § 3582(c)(1)(A).

[2] Subsequent to filing his motion, Hoffman contracted COVID-19.

his release.  It therefore denied the § 3582 motion.  Hoffman appealed, and the Government seeks summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[3]  We review a district court's decision to deny a motion for compassionate release for abuse of discretion.  See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).  "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached."  Id. (quotation marks and citation omitted).

We agree with the Government that the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.  The District Court did not clearly err in its determination that the § 3353(a) factors did not weigh in favor of release.  The District Court properly emphasized the serious nature of Hoffman's offenses, his recidivist nature, and the need to deter future criminal conduct.  In particular, it noted that during

---

[3] A § 3582 motion is a continuation of the prior criminal proceeding, see United States v. Arrango, 291 F.3d 170, 171-72 (3d Cir. 2002), so, to be timely, a defendant's notice of appeal must be filed in the district court no later than 14 days after the challenged order is entered.  See Fed. R. Crim. P. 4(b)(1)(A).  Hoffman's notice of appeal was filed outside this time period.  We retained jurisdiction but remanded the matter for the District Court to consider whether Hoffman had shown good cause for extending the time to appeal. See Fed. R. App. P. 4(b)(4).  However, the 14-day period for filing a notice of appeal in a criminal case is non-jurisdictional, see Gov't of the V.I. v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010), and the Government has since indicated that it will not invoke Rule 4(b) but asks us to rule on the merits.  See id. at 329; see also United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012).  In light of this, we vacate the remand order as moot and exercise jurisdiction over the appeal.

his most recent offenses, which were committed while he was on parole, Hoffman shot two individuals.[4]  The District Court also noted that Hoffman had served roughly half of his 450-month sentence.  See Pawlowski, 967 F.3d at 330 (concluding that the amount of time remaining to be served in an inmate's sentence is an appropriate consideration under § 3582(c)(1)(A)).  It emphasized the need for him to serve the full sentence in light of "the magnitude of his crimes and his criminal history."  ECF No. 360 at 18.  The Court also noted that it had varied downward from the sentencing guidelines in imposing the sentence, and that further reduction risked unwarranted sentencing disparities among similarly situated defendants.  See United States v. Ruffin, 978 F.3d 1000, 1008 (6th Cir. 2020) (noting that sentence reduction was not warranted where, among other factors, "the court had already varied downward by five years from Ruffin's guidelines range when imposing [a] lengthy sentence").  We find no abuse of discretion in its assessment of these factors, which alone supported its denial of the § 3582 motion.  See United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021).

Based on the foregoing, we grant the Government's motion for summary affirmance, and we will summarily affirm the District Court's judgment.

---

[4] In making its assessment, the District Court properly relied on information in the Presentence Investigation Report (PSR), notwithstanding Hoffman's objections to it.

4