**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1117
_____

UNITED STATES OF AMERICA

v.

JOHN AGOT CANLAS,
                                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-09-cr-00083-001)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and
on Appellee's Motion for Summary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6
May 5, 2022
Before:  KRAUSE, MATEY and PHIPPS, Circuit Judges

(Opinion filed: July 6, 2022)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

John Canlas, a prisoner at FCI-McKean, appeals from an order of the District Court denying his motion for reduction of sentence. The Government has filed a motion for summary affirmance. For the following reasons, we will grant the motion and summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2010, Canlas pleaded guilty to one count of conspiracy to commit bank robbery, two counts of armed bank robbery, and related offenses, including two counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). He was sentenced to 240 months' imprisonment, with a term of 84 months on the conspiracy and robbery charges to be followed by a consecutive term of 84 months on the first 924(c) charge, and then a consecutive 72 months on the second 924(c) charge.

In November 2021, Canlas filed a motion for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, which authorizes criminal defendants to seek reductions of their sentences by demonstrating "extraordinary and compelling" circumstances. This was Canlas's second motion for compassionate release; the District Court denied his first motion in an order entered August 21, 2020, from which Canlas did not appeal. See ECF No. 136. Canlas raised several of the same arguments in support of the second § 3582 motion that he had raised in the first, including that his sentence was excessive and disparate compared to that of his co-conspirators, and that he has been fully rehabilitated. The District Court concluded, for the reasons given in its August 2020 order, that these were not compelling or extraordinary reasons warranting

relief. Canlas also raised two new reasons for granting compassionate release.[1] First, he noted generally the risks posed to inmates by COVID-19. Second, he argued that the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), which struck down the residual clause in § 924(c)(3)(B)'s definition of a "crime of violence" as unconstitutionally vague, invalidated his § 924(c) conviction. The District Court concluded that neither of these new considerations presented an extraordinary and compelling reason for relief. It therefore denied the motion for compassionate release, and Canlas appealed. The Government seeks summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] We review a district court's decision to deny a motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached." Id. (quotation marks and citation omitted).

---

[1] Canlas did not exhaust his administrative remedies with respect to his two new claims. See 18 U.S.C. § 3582(c)(1)(A). However, the Government elected to waive the exhaustion requirement. See ECF No. 144 at n.3.

[2] A § 3582 motion is a continuation of the prior criminal proceeding, see United States v. Arrango, 291 F.3d 170, 171-72 (3d Cir. 2002), so, to be timely, a defendant's notice of appeal must be filed in the district court no later than 14 days after the challenged order is entered. See Fed. R. Crim. P. 4(b)(1)(A). Canlas's notice of appeal was filed outside this time period. However, the 14-day period for filing a notice of appeal in a criminal case is non-jurisdictional, see Gov't of the V.I. v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010), and the Government does not invoke Rule 4(b) but asks us to rule on the merits. See id. at 329; see also United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012).

We agree with the Government that the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. The District Court did not clearly err in its determination that compassionate release was not warranted. First, "the duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance." United States v. Andrews, 12 F.4th 255, 260-61 (3d Cir. 2021).[3] Next, the District Court found that the sentencing disparity between Canlas and his coconspirators was not "unwarranted or otherwise unusual" but that his rehabilitation was "remarkable" and, it assumed, extraordinary. ECF No. 136 at n.1. It did not abuse its discretion in concluding that, in any event, the sentencing disparity, rehabilitation, and general risk posed by COVID-19 were insufficiently compelling reasons for relief. See Andrews, 12 F.4th at 262 (finding no clear error with the determination that petitioner's age, rehabilitation, and general susceptibility to COVID-19 were not compelling reasons warranting compassionate release); see generally United States v. Canales-Ramos, 19 F.4th 561, 567 (1st Cir. 2021) (recognizing that compassionate release demands *both* an extraordinary and compelling reason for relief and that "the plain meaning of 'compelling' suggests that a qualifying reason must be a reason that is both powerful and convincing").

Finally, the District Court properly declined to consider Canlas's challenge to his conviction based on Davis. A motion for compassionate release is not the proper avenue

---

[3] The duration of the sentence may be a relevant consideration once a prisoner shows extraordinary and compelling reasons for relief and the district court weighs the sentencing factors pursuant to 18 U.S.C. § 3553 at the next step of the analysis, which did not happen here. See Andrews, 12 F.4th at 262.

to have raised such a challenge.  See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (noting that motions to vacate "pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences").

Based on the foregoing, the appeal does not present a substantial question.  We therefore grant the Government's motion for summary affirmance, and we will summarily affirm the District Court's judgment.