*United States v. Johnson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand twenty-three.

PRESENT:

> ROSEMARY S. POOLER,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                              No. 22-261

ASTON JOHNSON, a.k.a. RICHARD BURKE, a.k.a. DANIEL ARROYO, a.k.a. ROBERT BROOKS,

*Defendant-Appellant.*\*

_____

| | |
|---|---|
| **For Defendant-Appellant:** | Jonathan Rosenberg, Rosenberg Law Firm, Brooklyn, NY. |

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Appellee:**                                    Tiffany H. Lee, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from an order of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Aston Johnson appeals from the district court's order (1) denying his motion to reduce his sentence purportedly brought directly under sections 401(a) and 403(a) of the First Step Act of 2018, 18 U.S.C. § 924(c)(1)(C); 21 U.S.C. § 841(b)(1)(A), and (2) in the alternative, denying his motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). The government contends that Johnson's appeal is untimely, and Johnson has declined to present any argument to the contrary. We agree with the government and therefore dismiss Johnson's appeal. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

A notice of appeal in a criminal case must be filed in the district court within 14 days of the entry of the judgment or order being appealed. Fed. R. App. P. 4(b)(1)(A); *see also, e.g.*, *United States v. Arrango*, 291 F.3d 170, 171–72 (2d Cir. 2002)

3

(applying time to appeal in a criminal case to 18 U.S.C. § 3582 proceedings). That said, the district court may, on a showing of good cause or excusable neglect, grant an extension of the time to file a notice of appeal for "a period not to exceed 30 days from the expiration of the time otherwise prescribed by . . . Rule 4(b)." Fed. R. App. P. 4(b)(4). Although Rule 4(b) is not jurisdictional, "[w]hen the government properly objects to the untimeliness of a defendant's criminal appeal, [it] is mandatory and inflexible." *United States v. Frias*, 521 F.3d 229, 234 (2d Cir. 2008). Here, Johnson's notice of appeal, along with a motion to extend time, was dated January 31, 2022 and docketed on February 4, 2022 – *more than 70 days after* the Rule 4(b)(1)(A) deadline for Johnson to appeal the district court's November 3, 2021 order and *more than 40 days after* the maximum Rule 4(b)(4) extension the district court could have granted. Thus, because the government objects to the appeal's timeliness, we must dismiss.

Accordingly, we **DISMISS** the appeal as untimely filed.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3