CLD-097                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2697
_____

UNITED STATES OF AMERICA

v.

RUBEN ROSADO,
                                            Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 3:08-cr-00284-001)
District Judge:  Honorable Zahid N. Quraishi

_____

Submitted for Possible Dismissal as Untimely and on
Appellee's Motion to Dismiss the Appeal as Untimely or
for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 6, 2025
Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed March 28, 2025)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Ruben Rosado seeks review of the District Court's order denying his motion brought pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, we will dismiss the appeal as untimely.

In 2008, Rosado pleaded guilty to conspiracy to commit Hobbs Act robbery, armed bank robbery, and possessing and brandishing a firearm in furtherance of a robbery, in violation of 18 U.S.C. §§ 1951(a), 2113(a), and § 924(c)(1). He was sentenced to 334 months' imprisonment.

In January 2024, Rosado filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (2018), which authorizes criminal defendants to seek reductions of their sentences by demonstrating "extraordinary and compelling" circumstances. In an order entered March 6, 2024, the District Court denied the motion. In June 2024, Rosado filed a motion for updated status, requesting a copy of the docket sheet. That August, Ruben filed a letter advising that he never received a copy of the order denying his § 3582 motion, and that he learned about the order when he received a copy of the docket sheet "shortly after" filing his motion for an updated status. In his letter, Ruben requested a copy of the order and "leave to file a timely appeal." ECF No. 99. Ruben filed a notice of appeal on September 9, 2024. The District Court subsequently entered a letter order construing the letter-request as a motion to reopen the

2

appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6), and granting it over the Government's objection.[1]

The Government has filed a motion to dismiss the appeal as untimely, arguing that the District Court abused its discretion in granting the motion to extend the time to appeal. We agree, and will grant the motion to dismiss.

A § 3582 motion is a continuation of the prior criminal proceeding, see United States v. Arrango, 291 F.3d 170, 171-72 (2d Cir. 2002) (per curiam), so, to be timely, a defendant's notice of appeal must be filed in the district court no later than 14 days after the challenged order is entered. See Fed. R. App. P. 4(b)(1)(A). Rosado's notice of appeal was filed more than six months too late. Although Rule 4(b)'s time limitations are not jurisdictional, the Government has properly invoked the rule by requesting that this Court dismiss the appeal as untimely. See Virgin Islands v. Martinez, 620 F.3d 321, 327 (3d Cir. 2010) ("Upon proper invocation of [Rule 4(b)] when a notice of appeal is filed out of time, we must dismiss the appeal.").

In determining that an extension of time to appeal should be granted, the District Court erroneously applied Rule 4(a)(6), which governs appeals in *civil* cases. In this criminal case, however, Federal Rule of Appellate Procedure 4(b)(4) governed Rosado's motion for an extension of time. That rule provides that, "[u]pon a finding of excusable

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion an order granting or denying a motion to extend the time for filing a notice of appeal. See United States v. Frazier, 605 F.3d 1271, 1278 (11th Cir. 2010).

3

neglect or good cause, the district court may . . . extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the [14-day appeal period]." Fed. R. App. P. 4(b)(4).  Accordingly, the District Court lacked the authority to extend Rule 4(b)(1)(A)'s time limit by more than 30 days beyond the original deadline.  This 30-day period expired on April 19, 2024, nearly five months before the notice of appeal was filed.

Accordingly, we grant the motion to dismiss the appeal as untimely.